## LEEPER v. SHAWMAN, Administrator.

In a complaint setting up a breach of a warranty of soundness, the breach stated must be coëxtensive with the contract of warranty. It may negative the words of the contract. The particular unsoundness need not be stated.

More particularity is necessary in declaring on a special, conditional, or partial warranty, than on a general and absolute warranty.

*It seems*, that a breach of an affirmative character must be stated with more particularity than one of a negative character.

APPEAL from the *Miami* Court of Common Pleas.

HANNA, J.—*Leeper* filed a claim against the estate of *Ketrow*, which, among other things, alleged that on, &c., at, &c., the said *Ketrow* was the owner of a certain mare, &c.; that said *Ketrow* then and there represented said mare to be sound, and warranted and guarantied her to

May Term,
1859.

LEEPER
v.
SHAWMAN.

be free from any and all diseases, blemishes, and faults whatsoever; that the plaintiff, confiding, &c., purchased said mare, and paid for same 65 dollars; that said mare was in fact, at the time, disordered and diseased, from which disease and disorder she was entirely worthless, and died in one month after said purchase, &c.

Demurrer to the claim or complaint, assigning three causes—

1. That the complaint does not state facts sufficient, &c.

2. That the terms of a warranty are not sufficiently stated.

3. That it does not allege sufficiently that the terms of the warranty were broken or failed.

The statute requires a succinct statement of the nature and amount of every claim to be filed. 2 R. S. p. 260.

The following propositions are laid down in the work quoted, as a sufficient form of pleading in actions for breach of warranty:

"The breach stated must be coëxtensive with the contract of warranty. The breach may be in the negative of the words of the contract; the particular description of unsoundness, &c., need not be stated, though in some cases it is usual to do so." 2 Saund. Pl. and Ev. 1226.

More particularity is necessary, in declaring on a special, conditional, or partial warranty, than on one of the character set forth in the complaint in the case at bar. It is also sometimes said that a breach of an affirmative character requires more particularity than one of a negative character. 1 id. 216, 218.

The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. J. Shirk* and *J. M. Wilson*, for the appellant.

*N. O. Ross* and *R. P. Effinger*, for the appellee.