| 52 | 239 |
| 168 | 667 |

## GLASGOW ET AL. *v.* HOBBS ET AL.

INTERROGATORIES TO JURY.— *When to be Presented to Court.*—When inter-rogatories to be propounded to the jury have been presented to the court by a party after the commencement of the argument of the cause, there is no error in refusing to submit them to the jury.

EVIDENCE.— *Variance.*—Suit on a note, alleged in the complaint to have

been made by A., B. & Co. The note introduced in evidence purported to have been made by A. & B. & Co.

*Held,* that there was no material variance.

From the Ripley Common Pleas.

*G. Durbin* and *J. O. Cravens,* for appellants.

*M. K. Rosebrough* and *Browne, Lamb & Kimball,* for appellees.

BUSKIRK, J.—The appellees sued the appellants and James L. and Abraham Yater, upon a promissory note executed in the firm name of Yater, Bro. & Co., and upon an account for goods and merchandise sold and delivered to the said firm. The two Yaters did not answer, nor were they defaulted. They seem to have dropped out of the case.

The appellants answered in four paragraphs. The first was a special plea of *non est factum* as to the note; the second, the general denial; the third, payment; the fourth was, in substance, as follows:

That the goods, for which the action was brought and for which the note was given, were purchased of Hobbs & Parker by the firm of Yater, Bro. & Co., which was composed of James L. Yater, Abraham Yater, William R. Glasgow and Addison J. Harding; that said firm was dissolved on the 26th day of May, 1866; that there were two firms, doing a separate business, in Osgood, at the time of the dissolution of the firm of Yater, Bro. & Co., namely, the firm of Yater, Bro. & Co. and the firm of Yater & Bro.; that on the 20th day of July, 1866, it was agreed by and between Glasgow and Harding, Hobbs & Parker, and Yater & Bro., that Yater & Bro. should assume the indebtedness of Yater, Bro. & Co. to Hobbs & Parker, and that Hobbs & Parker would accept the obligation of Yater & Bro. for the indebtedness of Yater, Bro. & Co., and release Glasgow and Harding, and that Glasgow and Harding should pay to Yater & Bro. their proportion of the indebtedness of Yater, Bro. & Co. to Hobbs & Parker; that, in pursuance of said agreement, said Yater & Bro. executed their note to Hobbs & Parker for two hundred and forty-eight dollars and eighteen

cents, payable in bank, at sixty days; that Hobbs & Parker accepted the same in discharge of their demand against Yater, Bro. & Co.; that after the execution and delivery of the note, and before suit had been instituted thereon, and before any demand had been made by Hobbs & Parker upon Glasgow and Harding, they paid to Yater & Bro. their full proportion of the indebtedness in controversy.

Demurrers were overruled to the first and fourth paragraphs, but no question is made in reference to such rulings.

The plaintiffs replied in two paragraphs. First, in denial. The second paragraph was struck out.

The cause was tried by a jury, who rendered a general verdict in favor of plaintiffs and answers to interrogatories.

The errors assigned call in question the action of the court in refusing to submit certain interrogatories to the jury, as requested by appellants; in overruling the motion for judgment in favor of the appellants upon the answers to interrogatories; and in overruling the motion for a new trial.

It is shown by the bill of exceptions, that the interrogatories which the appellants asked the court to submit to the jury were handed to the court after the argument of the cause had commenced. The court properly refused to submit them. They should have been handed to the court before the argument commenced. Buskirk's Pr. 213, and cases cited. The court might, but was not bound to, submit them when presented too late. Buskirk's Pr. 213.

Did the court err in refusing to render judgment upon the special findings in favor of the appellants? The interrogatories and answers were as follows:

"1. Was the firm of Yater, Bro. & Co. dissolved prior to the execution of the note in suit? Answer. Yes.

"2. If so, had plaintiffs, or either of them, notice of it? Answer. Yes.

"3. Was said note executed under the name of Yater & Bro.? Answer. No.

"4. If not, and the note was executed in the name and

style of Yater, Bro. & Co., was it so executed with the knowledge and consent of Glasgow and Harding at the time? Answer. Yes.

"5. Was the contract alleged in the fourth paragraph of the answer entered into by and between Hobbs & Parker and Yater & Bro. and Glasgow and Harding? Answer. No.

"6. If so, did Glasgow and Harding pay their share of the debt of the firm of Yater, Bro. & Co. owing to Hobbs & Parker to the firm of Yater & Bro. before the commencement of this suit? Answer. Yes."

We are very clearly of opinion that the motion was properly overruled. There was no inconsistency between the general and special verdicts. The latter fully sustained the former.

The fourth finds that the note was executed in the name of Yater, Bro. & Co., with the knowledge and consent of the appellants.

The fifth finds that the agreement set up in the fourth paragraph of the answer was not entered into. The payment by the appellants of their proportion of the indebtedness sued for to Yater & Bro., in the absence of any agreement, could not, and did not, affect their liability to the appellees. There was no ground upon which the appellants were entitled to a judgment in their favor upon the special findings.

It is, in the first place, insisted, in support of the second assigned error, that the court admitted illegal evidence upon the trial. The note described in the complaint purported to have been executed by Yater, Bro. & Co. The one offered in evidence purported to be executed by Yater & Bro. & Co. When it was offered, the appellants objected to its admission in evidence upon the ground of variance. The objection was overruled, and the note read in evidence.

We think there was no variance between the note declared on and the one produced in evidence. They were in legal effect the same. But the variance, if any existed, was wholly

immaterial, and did not prejudice the appellants in their defence. The discrepancy between the note declared on was amendable below, and will be deemed amended here. See Buskirk's Pr. 337–340.

We have carefully read and considered the evidence, and think it fully supports the verdict.

The judgment is affirmed, with costs.