Morgan *v.* The Incorporated Company of Gaar, Scott & Co.

———◆———

MORGAN *v.* THE INCORPORATED COMPANY OF GAAR, SCOTT & CO.

WARRANTY.—*Breach of, as a Defence.—Presumed to be Parol, if not Alleged to be Written.—Evidence.*—Where a breach of an alleged warranty of a chattel is relied upon as a defence to an action for the contract price, it is presumed, where such warranty is not alleged by the answer to be in writing, that it was merely verbal ; and, in such case, a written or printed instrument, claimed to be the warranty, is not admissible as evidence to sustain the warranty alleged.

SAME.—*Price-List.— Correspondence.*— A printed price-list issued by the plaintiff, and also correspondence between him and the defendant, fall within the above rule.

From the Daviess Circuit Court.

*J. Baker,* for appellant.

*W. R. Gardiner* and *S. H. Taylor,* for appellee.

WORDEN, J.—Action by the appellee, against the appellant, upon two promissory notes executed by the defendant to the plaintiff, each for the sum of six hundred and fifteen dollars, the one payable July 1st, 1876, and the other January 1st, 1877.

Issue; trial by jury; verdict and judgment for the plaintiff, a new trial being refused.

The defendant answered, among other things, in substance, that the note sued upon, without specifying which one, was given for the purchase-money for a certain engine, boiler, saw-mill and machinery sold by the plaintiff to the defendant, at a price greatly beyond the amount of the note, to wit, the sum of two thousand dollars, of which he paid, before the commencement of the action, a large sum, to wit, one thousand six hundred and seventy-five dollars, leaving a balance of the purchase-money of four hundred and forty dollars unpaid, as to which sum the consideration of the note had failed, in this, that the plaintiff made certain false representations as to the quality and capacity of the engine, etc., which are set out, and the representations negatived; also that the plaintiff warranted that the engine, etc., were of sufficient power and capacity to saw from three to five thousand feet of lumber per day, and a breach of the warranty is alleged. Issue was taken on this paragraph of answer.

The reasons which are here urged for a new trial are thus set forth in the motion therefor filed below :

" 1.   The court   erred   in   excluding   the   price-list of mills of plaintiff, which defendant offered to read to the jury;

" 2.   The court erred in sustaining the objection of the plaintiff to the introduction of that portion of said price-list designated as number 4;

" 3. The court erred in sustaining the objection to the evidence of John Sullivan, as offered and proposed by the defendant ; and,

" 4. The court erred in excluding from the evidence the letter written by plaintiff to defendant, of the date of May 13th, 1875."

We proceed to consider these reasons :

The first and second may be considered together, as they both depend upon the same question.

It appeared that the plaintiff was a manufacturer of mills, etc., and that it sent out to the public its circulars, being what are called in the evidence " price-lists " of its manufactures. These price - lists contained descriptions and prices of different kinds of mills, and, among others, the following :

" Gaar, Scott & Co.'s No. 4 mill."

A description of this mill is set forth, and the description concludes as follows :

" Will cut 3,000 to 5,000 feet per day. Price, on cars, $1,845."

The defendant received from the plaintiff, through the post, one of these price-lists, and ordered from the plaintiff one of the No. 4 mills. At the proper time, he offered in evidence the price-list above mentioned, or so much of it as pertained to No. 4 mills, but the evidence was rejected. We have no brief from the appellee, and are not advised upon what ground the evidence was rejected.

It is claimed by the appellant that the evidence should have been received as tending to prove the alleged warranty of the capacity of the mill to saw the quantity of lumber per day mentioned. If the statement in the price-list, that the mill would cut the amount of lumber specified, is to be taken as a warranty, it is because it enters into and forms part of the contract of sale of the mill. It is a written instrument (or printed, which is the same thing,) which was the foundation of the defence.

It should have been, but was not, referred to in the answer, and the original or a copy thereof should have been filed. The answer made no mention of the writing, and the presumption arose that the warranty alleged was a mere parol warranty. *Harper* v. *Miller*, 27 Ind. 277; *King* v. *The Enterprise Ins. Co.*, 45 Ind. 43. The defendant could not, therefore, support his answer by the written instrument. He had alleged a parol warranty, and could not prove a written one. We think there was no error in rejecting the evidence.

The evidence offered, of John Sullivan, went merely to identify the price-list, or show that the purchase was made under it, and no harm resulted to the defendant in rejecting it. The price-list being rejected, the facts sought to be proved by Sullivan were of no importance whatever.

The letter from the plaintiff to the defendant, of the date of May 13th, 1875, seems to have pertained to a different matter.

It acknowledged the reception of a note of one hundred and twenty-five dollars, for " top rigging," and added:

" We will warrant everything all right and perfect that we send out."

If this were to be regarded as a warranty extending to the mill, still it is a written one not set up in the answer. It was therefore properly rejected.

There is no error in the record.

The judgment below is affirmed, with costs.