No. 8263.

VANCE ET AL. *v.* SCHROYER ET AL.

CONTRACT.—*Rescission.*—*Fraud.*—*Restoration.*—A party who desires to rescind a contract on the ground of fraud must restore, or offer to restore, what he has received on the contract, so as to place the other party, as near as may be, *in statu quo.*

SAME.—*Heirs.*—*Fraudulent Conveyance of Ancestor.*—*Consideration.*—*Offer to Restore Notes.*—*Complaint.*—A complaint of heirs to set aside a convey-

Vance *et al. v.* Schroyer *et al.*

ance fraudulently made by their ancestor, which shows that the consideration was evidenced by the notes of the grantee, must show an offer by some one to restore the notes.

SAME.—In such case, the heirs stand in no better position than their ancestor would occupy if alive and prosecuting the action.

QUERY.—*Attempted Fraud.—Misrepresentation of Matter of Law.*—If a wife, advised by her husband that a conveyance of her real estate is necessary to prevent its sale for his debts, join with him in such conveyance, does such false representation of a matter of law furnish a ground for setting it aside, or extenuate her attempted fraud?

From the Boone Circuit Court.

*C. C. Nave,* for appellants.

*J. W. Clements* and *O. P. Mahan,* for appellees.

WORDEN, J.—On March 13th, 1877, Amanda Vance was the owner of a forty-acre tract of land in Boone county, Indiana, of the alleged value of $1,800, and on that day she and her husband, David M. Vance, joined in a conveyance of it to Ezra H. Smith.

Amanda Vance having died, this action was brought by her heirs, who, being infants, sued by their next friend, to set aside the conveyance thus made.

The ground on which it was sought to set aside the conveyance is thus stated in the complaint: "And the defendant David M. Vance, the husband of the said Amanda Vance, being indebted to Maddox & Co., in the sum of $400, and the defendants David M. Vance and Ezra H. Smith, combining and confederating together for the purpose of cheating and defrauding her, the said Amanda Vance, and her heirs at law (the above named infants), out of the above described real estate, and their separate interest therein upon the death of their mother, Amanda Vance, and for that purpose and fraudulent intention, did, by advice of an attorney, procure the said Amanda Vance to convey by deed, executed by her and defendant David M. Vance, on the 13th day of March, 1877, to defendant Ezra H. Smith, the above described forty-acre tract of land (a copy of which is filed herewith and made a part of this complaint, marked 'A'), by then and there falsely

and fraudulently stating and representing to her, the said. Amanda Vance, that, if she did not convey the said forty-acre tract of land by deed to the defendant Ezra H. Smith, Maddox & Co. would cause the same to be sold to pay off and satisfy their claim for $400 then due to them from the defendant David M. Vance, the husband of her, the said Amanda Vance, and for the purpose of preventing the said Maddox & Co. from disposing of, and selling under the law, the above described forty-acre tract of land, to pay off and discharge the indebtedness of her husband, David M. Vance, to said Maddox & Co., and not knowing that her, the said Amanda Vance's, separate property was not liable to sale, and could not be sold under the law, to pay off and discharge the indebtedness of her husband, David M. Vance, to Maddox & Co., or any creditor of him, defendant David M. Vance. Wherefore the said Amanda Vance was induced, under the advice of the defendants David M. Vance and Ezra H. Smith, and their attorney, so given as aforesaid, to convey the above tract of land to defendant Ezra H. Smith, he, the said Ezra H. Smith, agreeing at the time of the execution of said deed as aforesaid, that he would buy or get a tract of land in Ohio for her, Amanda Vance, in consideration of the conveyance to him by Amanda Vance of the above described forty-acre tract of land in Boone county, Indiana. And for the purpose of preventing the creditors of defendant David M. Vance from making sale of said forty-acre tract of land above described, or in any way taking the same away from her, the said Amanda Vance and her infant children, the defendant Ezra H. Smith, on the 13th day of December, 1877, executed his two several promissory notes for $600 each, drawing six per cent. interest from the date thereof, both payable to Amanda Vance or to her order; * * * that said Amanda Vance continued in the possession of the above described tract of land up to the time of her death (Dec. 10th, 1878), and since the death of the said Amanda Vance the said David M. Vance has been and now is in the possession thereof, and that the defendant Ezra H.

Smith has never been in the possession of the above described, forty-acre tract of land or any part thereof, all of which actings and doings of said defendants Ezra H. Smith and David M. Vance were, done and performed for the purpose aforesaid."

Further allegations in the complaint show that on a proceeding in the Boone Circuit Court for the partition of the land mentioned, it was ordered to be sold and the proceeds divided, after payment of costs, as follows: One-half to be paid over to Julia Alexander, one-third to Elizabeth Schroyer,, and one-sixth to Ezra H. Smith.

Julia Alexander and John T. Alexander, and Elizabeth Schroyer and Daniel Schroyer, demurred to the complaint for want of sufficient facts, and the demurrers were sustained, and final judgment was rendered for them.

The sustaining of these demurrers is the only supposed error complained of.

We are of opinion that no error was committed in sustaining these demurrers.

The heirs of Amanda Vance stand in no better position than she would occupy were she alive and prosecuting the action. The substance of the case made is that Amanda Vance was made to believe that her land was liable to be sold for the payment of her husband's debts; and, so believing, she united with her husband in the conveyance of it to Ezra H. Smith, in order to put it beyond the reach of her husband's creditors. The land, to be sure, may not have been liable for the husband's debts; but, had it been, would not the fraud on her part in making the conveyance for the purpose indicated be such as to preclude her from setting it aside? Is the attempted fraud on her part extenuated by the fact that the land was not liable for the husband's debts? Again, was the representation to her, that the land was liable to be sold for her husband's debts anything more than the representation of a matter of law, and does it furnish any ground for setting aside the conveyance? These are questions which we find it

unnecessary to answer, or express any opinion upon, as in other respects the complaint is radically defective.

A party who desires to rescind a contract on the ground of fraud must restore or offer to restore what he has received on the contract, so as to place the other party, as near as may be, *in statu quo*. The authorities are numerous on this point. We cite one that happens to be at hand. *DeFord* v. *Urbain*, 48 Ind. 219.

It does not appear from the complaint, whether or not the plaintiff's ancestor got the land in Ohio which she was to have, or how much, if anything, was paid upon the two $600 notes. If she did not get the Ohio land, and if she was paid nothing upon the notes, still there should have been an offer by some one authorized to make it, to restore the notes given by Smith for the land, before a rescission could be demanded. *McGuire* v. *Callahan*, 19 Ind. 128.

There may be other objections to the complaint, but what we have said is sufficient to show that the ruling on the demurrers was correct.

The judgment below is affirmed, with costs.