The Johnston Harvester Company v. Bartley.

No. 9323.

THE JOHNSTON HARVESTER COMPANY v. BARTLEY.

SHERIFF'S RETURN.—*Summons.*—A sheriff's return to process can not be set aside on motion supported by proof that it is false. It can not be thus contradicted.

CONTRACT.— *Warranty, Breach of.—Pleading.*—A complaint for a breach of warranty of a machine to be "fit for cutting wheat and grass, and that it will do first-class work," alleging for breach, generally, that "it was not fit for and would not do first-class work," and was worthless to the plaintiff, is not sufficient on demurrer. The nature and particulars of the breach should be specified, and it should be shown that the machine was properly tested within a reasonable time, by alleging the facts constituting the test and the time thereof.

SAME.—*Oral and Written Warranty.—Evidence.—Presumption.*—Where, upon a complaint for breach of an oral contract of warranty, it appears in evidence that the contract was in the first place oral, but finally reduced to writing, there can be no recovery, the preceding oral negotiations being presumed to be merged in the written instrument.

PRINCIPAL AND AGENT.—*Declarations.—Evidence.*—Agency can not, in a suit against the principal, be proven by the declarations of the agent.

From the Noble Circuit Court.

*T. M. Eells*, for appellant.

*J. A. Campbell* and *L. W. Welker*, for appellee.

ELLIOTT, J.—The sheriff received the summons issued in this case on the 20th day of August, 1879, and on the 30th day of the month made the following return: "Served the within named Johnston Harvester Company by leaving a true copy at the last and usual place of residence of William R. Knox, an agent of said company." The appellants entered a special appearance, and moved to set aside the return, upon the ground that Knox was a resident of Howard county. The motion was rightly denied. The defendant was not at liberty to contradict the sheriff's return. It is well settled that the return of a sheriff is conclusive upon the parties to the action. *Splahn* v. *Gillespie*, 48 Ind. 397; *The State* v. *Davis*, 73 Ind. 359; *Hume* v. *Conduitt*, 76 Ind. 598; *Hite* v. *Fisher*, 76 Ind. 231.

The complaint is badly drawn. It alleges that the appellant sold to the appellee a Johnston Harvester and a John-

ston Mower, and warranted them to be fit for cutting wheat and grass, and that they would do first-class work. The breach of the warranty is not sufficiently alleged. It is not shown that the machines were not capable of doing the work warranted. There is, it is true, a general allegation that they were not fit for and would not do first-class work, but this is not sufficient. In a warranty such as that declared upon, it is necessary, as said in *Booher* v. *Goldsborough,* 44 Ind. 490, to show "the nature and particulars of its breach." There are, perhaps, cases where a general negation of the warranty would be sufficient, but in cases of this character it should be specific. Where the warranty is a general one, it is proper to state the breach generally, but where it is a restricted or qualified one, it is otherwise. *Leeper* v. *Shawman,* 12 Ind. 463.

The complaint alleges that the machines "are worthless to the plaintiff." This is not sufficient. They may be without value to the appellee, and yet of the full value represented. The question is not to be determined by the wants or demands of the purchaser. It must be shown, by proper allegations, that the thing bought is either without value, or of a less value than it would have been if it had corresponded to the warranty. *Neidefer* v. *Chastain,* 71 Ind. 363; *Louden* v. *Birt,* 4 Ind. 566.

In an action for a breach of warranty, it is necessary to show that the article purchased was properly tested within a reasonable time after the purchase. It is not enough to state mere conclusions of law, but facts, showing the test and the time within which it was made, must be pleaded. *The La-fayette Agricultural Works* v. *Phillips,* 47 Ind. 259 ; *Robinson Machine Works* v. *Chandler,* 56 Ind. 575. The complaint before us does not state such facts as show that the machines were tested within a reasonable time after their purchase.

It appears from the record that the first warranty was an oral one ; that subsequently it was reduced to writing. We think the written instrument must be deemed to contain the contract of the parties. It is a familiar rule, that where par-

ties put their contract in writing, it will be regarded as expressing the whole contract, and parol evidence can not be given to alter or contradict it.   Where the terms of a contract are embodied in a written instrument, the preceding oral negotiations are presumed to be merged in it.   *Oiler* v. *Gard*, 23 Ind. 212.   There is nothing in the present case to rebut this presumption, and it must prevail.   The only evidence offered by the appellee was parol, and this is not sufficient to entitle him to a recovery, for the reason that the written instrument shown to have been executed and in existence was the foundation of the only right of action he possessed.   When the existence of the written contract was proved, as it was by the appellee himself, it appeared as the best evidence, and secondary evidence should not have been received.

A plaintiff can not sue upon one theory and recover upon another.   He can not declare upon a verbal contract and recover upon a written one. *Morgan* v. *Gaar, Scott & Co.*, 64 Ind. 213.   The appellee could not recover in this case, had he proved the written contract, for the reason that he had declared upon a verbal one.   He can not recover upon the verbal contract, for the reason that he proved that a written one was executed, and this merged all preceding oral stipulations. This case falls bodily within the principle declared and enforced in *McClure* v. *Jeffrey*, 8 Ind. 79.

The declarations of an agent are not competent to establish the existence of the relation of principal and agent.   The court erred in admitting the declarations of Knox, that he was the agent of the appellant.

It is true, as appellee's counsel assert, that the general rule is that the declarations of an agent, made during a transaction and forming part of the *res gestœ*, are admissible against his principal, but this rule does not extend so far as to permit the existence of the agency to be proved by such declarations. *Union Central L. Ins. Co.* v. *Thomas*, 46 Ind. 44; *Tomlinson* v. *Collett*, 3 Blackf. 436 ; 2 Whart. Ev., section 1183.

Judgment reversed.