Fleetwood *et al. v.* The Dorsey Machine Company.

No. 11,147.

FLEETWOOD ET AL. *v.* THE DORSEY MACHINE COMPANY.

PRACTICE.—*Interrogatories.—Discretion of Court.*—The court may, but need not, in its discretion, receive interrogatories to be put to the jury, after the argument has begun.

SAME.—*Instructions.—Supreme Court.*—Where the instructions given are not in the record, alleged error in refusing instructions asked is not available.

CONTRACT.—*Consideration.—Conditional Sale.—Promissory Note.*—A contract for the payment of money, showing the actual consideration to be an article of personal property, and stipulating that the purchaser's title is dependent upon such payment, will support a complaint thereon for recovery of the money.

SAME.—*Warranty.—Evidence.*—Evidence of a verbal warranty will not sustain a plea alleging a written warranty.

SAME.—*Pleading.— Rescission.— Tender.*—In an action to recover for the price of an article sold, where the defence is a breach of warranty and rescission, the answer should allege either that the property had been tendered back, or that it was worthless.

PRACTICE.—*Answers to Interrogatories.—Judgment Non Obstante.*—Where the answers to interrogatories are irreconcilable with the general verdict, the former must prevail.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing,* for appellants.

*J. D. Miller* and *F. E. Gavin,* for appellee.

ELLIOTT, C. J.—The foundation of the appellee's complaint is the following contract:

"GREENSBURGH, IND., August 4, 1880.

"On or before the 1st day of September, 1881, we promise to pay to the order of the Dorsey Machine Company, one hundred and fifty dollars with interest at six per cent. from date, and with annual interest at eight per cent. from maturity on the amount then due, until paid, and attorney's fees, payable without relief from valuation or appraisement laws, at the banking office of the Citizens National Bank. The express condition of the sale and purchase of the Dorsey Reaper and Mower, for which this note is given, is such that the title, ownership, or possession does not pass from the

Dorsey Machine Company until this note and interest is paid in full; and the Dorsey Machine Company have full power to declare this note due, and to take possession of said Dorsey Reaper and Mower at any time they may deem themselves insecure, even before the maturity of the note. And it is further agreed that this note shall be deemed due on demand if the maker attempts to move out of the county where he now resides."

There was no error in sustaining appellee's demurrer to the fifth paragraph of appellants' answer, for the reason that the same evidence which it would have entitled them to give was admissible under other paragraphs of the answer which were left standing.

The trial court may, if it so elects, receive interrogatories to be propounded to the jury, after the commencement of the argument. It is not bound to receive them, but may, in its discretion, do so. *Truitt* v. *Truitt*, 37 Ind. 514; *Glasgow* v. *Hobbs*, 52 Ind. 239.

The instructions given by the court are not in the record, and we can not say that those refused were not properly embodied in those given. In order to make a question on the ruling refusing instructions, it is necessary to incorporate in the record all the instructions given by the court.

It will not do to put in the record a detached part of the instructions. The rule is that instructions are to be construed together and not separately.

The contract on its face shows a consideration and one sufficient to support it. Where parties by their agreement fix a consideration, and the one party gets all he contracted for, and the other yields all he agreed to yield, the courts will sustain the contract. If any other rule were adopted, it would result in courts making contracts for the parties, and this would be an unjustifiable usurpation of authority. *Wolford* v. *Powers*, 85 Ind. 294; S. C., 44 Am. R. 16; *Hardesty* v. *Smith*, 3 Ind. 39; *Harvey* v. *Dakin*, 12 Ind. 481; *Baker* v. *Roberts*, 14 Ind. 552; *Smock* v. *Pierson*, 68 Ind. 405; S. C.,

34 Am. R. 269; *Neidefer* v. *Chastain*, 71 Ind. 363; S. C., 36 Am. R. 198; *Williamson* v. *Hitner*, 79 Ind. 233. The complaint, therefore, shows a valid contract, and as the answers of the appellants were all affirmative, it devolved upon them to make out some one of the defences pleaded.

The first paragraph of the answer sets forth a written warranty, and, in order to sustain this paragraph, it was necessary to show that the warranty was in writing. *Johnston Harvester Co.* v. *Bartley*, 81 Ind. 406; *Morgan* v. *Gaar, Scott & Co.*, 64 Ind. 213. A pleading founded on a written contract is not sustained by evidence of a verbal one.

The second paragraph of the answer avers that the consideration of the contract was the sale and delivery of a Dorsey Self-Rake Reaper and Mower, which was warranted to be constructed of certain specified materials and to work in a specified manner, but that it did not work as warranted, nor was it constructed of the materials described in the warranty, and that the appellants gave notice of the breach of warranty and tendered back the machine.

It has been very frequently decided by this court, that a pleading is to be construed according to its general scope and tenor, and that mere general conclusions from facts specifically pleaded can not have controlling effect. *Petty* v. *Trustees, etc., ante*, p. 278; *Johnston* v. *Griest*, 85 Ind. 503; *Mescall* v. *Tully*, 91 Ind. 96; *Platter* v. *City of Seymour*, 86 Ind. 323; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118; *Neidefer* v. *Chastain, supra; Judy* v. *Gilbert*, 77 Ind. 96 (40 Am. R. 289); *Kimble* v. *Christie*, 55 Ind. 140. The paragraph of the answer under immediate mention is one for rescission of contract, and a very material fact alleged, and which it was necessary for appellants to prove, was that they had tendered back the machine sold and delivered to them.

It is perfectly well settled that where a party seeks a rescission, he must tender back the property received by him if it be of value. *Robards* v. *Marley*, 80 Ind. 185; *Vance* v. *Schroyer*, 79 Ind. 380; *DeFord* v. *Urbain*, 48 Ind. 219.

This paragraph of the answer could only be sustained, even giving the appellants the benefit of the greatest presumption that can be indulged in favor of the pleading, by evidence that the article had been tendered back to the vendor, or that it was without value. *Wynn* v. *Hiday*, 2 Blackf. 123.

The fourth paragraph of the answer also admits the sale and delivery of the reaper, but avers that there was a verbal contract to the effect that the reaper should operate in a certain manner, and that this verbal agreement was the sole consideration of the contract. In order to sustain this paragraph it was necessary for the appellants to prove that the consideration of the note was the verbal contract described.

Where a defendant admits the cause of action set forth in the complaint, he must prove one or more of the defences he sets up in avoidance, or fail. He can not insist that he might have recovered upon some other issue than that tendered by his pleadings, for a party can only recover upon the issues his pleadings make. The chief purpose of pleading is to secure definite issues for trial, and a judgment can only be demanded upon matters within the issues. As the plaintiff's claim was confessedly valid, it must prevail unless the appellants have overthrown it.

We have thus fully stated and examined the issues joined, for they exert a controlling influence upon the decision of the case. The appellants had a general verdict in their favor, and in answer to interrogatories the jury found the following facts: 1. The principal and interest of the note were $181.35; the attorney's fees $25. 2. The consideration of the note was " one Dorsey Self-Rake Reaper and Mower." 3. There was no written warranty. 4. The reaper was not tendered back to the appellee. 5. It was of value. It appears, therefore, that there was no written warranty, and this, of itself, settles the issue presented by the first paragraph of the answer against the appellant. But, in addition to this, it is found that the reaper was of value, and was not tendered back. The answer confesses that there was a delivery of the

machine, and it was not necessary to find what was expressly confessed by the pleading.

The answers to the interrogatories are directly against the appellants on the issue tendered by the second paragraph, for they find that the property was of value, and that it was not tendered back to the appellee. Our cases, and there are very many of them, agree in holding that if the article is of value the vendee must restore, or offer to restore it, to the seller. *Wynn* v. *Hiday, supra; Lafayette Agricultural Works* v. *Phillips,* 47 Ind. 259; *Johnson* v. *McLane,* 7 Blackf. 501 (43 Am. Dec. 182); *Neidefer* v. *Chastain, supra.*

We must decide the case as it is made by the parties; we can not change the pleading nor limit its effect. We are not to enquire what would have been a sufficient answer, but we take the answer as it is written, for by the pleading which a party tenders he is bound. The theory of the pleading under immediate discussion required proof of two material facts, which are directly found not to exist. The question is not whether a plea might not have been so framed as to have allowed the appellants to retain the property and recoup damages, but the question is, what is the legal scope and effect of the plea? If the answer is good, it is so because of the facts it pleads, and if the evidence fails to prove these facts, the defence fails.

The answers to interrogatories find that the consideration stated in the fourth paragraph of the answer was not the consideration for the contract, and this, of course, prevents a judgment on that paragraph.

We have shown that the issues presented by the several paragraphs of the answers are fully settled against the appellants by the facts stated in the answers to interrogatories, and it must follow from this that the general verdict in their favor must give way. It is true that a general verdict will prevail unless there is an irreconcilable conflict between it and the answers to interrogatories. There is here a conflict that can not be reconciled. With all the facts of the complaint con-

fessed, and all the issues presented by the answer directly overthrown by the facts stated in the answers of the jury, it is impossible that a reconciliation can be effected between the general and the special finding of the jury. With all the defences borne down, there is no foundation for the general verdict to rest on.

It is argued by appellants' counsel that as the contract gave the appellee a right to retake the property, it conferred upon them a like privilege of annulling the sale. If counsel were right in their assumption, the conclusion which they deduce would not follow; for, granting the correctness of the assumption that the appellants are entitled to annul the contract, it would not follow that the right to annul could be exercised without restoring the property received under the contract. As well might the appellee claim a right to retake the property and still enforce the note in full, as for the appellants to claim that they may annul the contract and yet retain the property it vested in them. Judgment affirmed.

