Ashmead v. Hurt, Administrator.

No. 15,528.

ASHMEAD v. HURT, ADMINISTRATOR.

FORMER ADJUDICATION.—*Action to Set Aside Sale of Personal Property.*—
*Payment of Part of Purchase-Money.*—*Material Issue.*—*Judgment on.*—*Bar
to Subsequent Action.*—In an action by an administrator to set aside a
sale of personal property by his decedent on the ground that the sale
was procured by means of fraud practiced upon the decedent and by
undue influence, the question put in issue by the complaint and an-
swer as to whether the defendant had paid to the decedent, or any
one for him, any part of the purchase-money, was a material one,
and a judgment thereon for the plaintiff is a bar to a subsequent
action by the defendant for a part of the purchase-money.

From the Gibson Circuit Court.

*M. L. Fields, J. W. Ewing, C. A. Buskirk* and *J. W.
Brady,* for appellant.

*A. P. Twineham, W. D. Robinson, L. C. Embree* and *W.
P. Howe,* for appellee.

COFFEY, J.—This was a claim filed by the appellant
against the appellee, as administrator of the estate of Joseph
H. Reynolds, deceased, claiming the sum of $530.36 for cash
paid to Sarah Whiting on a note executed to her by the de-
ceased, and for the interest thereon from the date of such
payment.

A trial of the cause by the court, without the intervention
of a jury, resulted in a finding and judgment for the appel-
lee.

The assignment of error calls in question the propriety
of the action of the circuit court in overruling a motion
for a new trial.

The reasons assigned for a new trial are, that the finding
is not supported by sufficient evidence, and that it is con-
trary to law.

The evidence in the cause tends to prove that the money
in controversy was paid by the appellant under an agree-
ment between him and the deceased, by the terms of which

he purchased of the deceased certain personal property. The money was paid at the request of the deceased, as part of the purchase-price of the property. After the death of Joseph H. Reynolds this appellee, as his administrator, in connection with the heirs, in a suit instituted and tried in the Gibson Circuit Court, set aside the sale of said property and recovered the possession of the same. The appellee, in this case, relied wholly upon an estoppel created by the record in the action to set aside the sale of the personal property.

The fourth paragraph of the complaint in that action alleged, substantially, that at the time of his death, Joseph H. Reynolds was more than eighty-two years of age; that for more than two years prior thereto he had been in feeble health and greatly impoverished in both body and mind by disease and old age, and by reason of childishness, loss of memory and general mental decay was wholly unfit and incapable of attending to business, and of managing his own affairs, and by reason thereof he was deficient in will power, and was susceptible to easy influence by others; that while in that physical and mental condition the appellant, who was his near relative, began visiting the deceased, and importuning and urging him to sell to the appellant the real and personal property of the deceased; that by this means and by means of undue influence and overwhelming importunities, and by means of fraudulent representations and practices, and repeated urging, the appellant, at last, overcame the will and desire of the deceased, and procured from him a pretended sale for much less than one-fourth its real value, the personal property of the deceased of the aggregate value of twelve hundred dollars; that at the time of said pretended sale the appellant well knew the infirm and weakened condition of the mind of the deceased, and with the intent to overreach and defraud him, took advantage of the same, in order to procure said pretended sale; that he never paid to the deceased or to any other person any part of the agreed purchase-price of said property, but has the possession of

the whole of said property and wrongfully detains the same; that demand was made for the possession of said property, by the administrator, before the commencement of the action. To this complaint the appellant filed a general denial.

It is conceded that this complaint and the answer thereto put in issue the question as to whether the appellant had paid to Joseph H. Reynolds or any other person any part of the purchase-price of the personal property involved in that suit. It is insisted, however, on behalf of the appellant that this issue was an immaterial one, and that there might have been a finding and judgment in that case for the plaintiffs therein without passing upon this question.

It is not controverted by the appellee that if this was an immaterial issue the judgment in that case would not be a bar in this; but it is insisted by the appellee that the question as to whether the appellant had paid the purchase-price for the property involved was a material one, and that without deciding that no part of it had been paid the court could not have found for the plaintiffs in that case. The real question, then, for decision is narrowed to this: Was this a material issue?

The paragraph of the complaint above referred to proceeded upon the theory that the appellant had procured from Joseph H. Reynolds his personal property by means of fraudulent practices, representations, and undue influence; and that the contract by means of which he had obtained its possession had been rescinded by the administrator.

Where a contract is rescinded for fraud, the parties must be placed *in statu quo*. *Vance* v. *Schroyer*, 79 Ind. 380; *DeFord* v. *Urbain*, 48 Ind. 219; *Fleetwood* v. *Dorsey Machine Co.*, 95 Ind. 491.

A party seeking to rescind a contract on account of fraud must tender back whatever of value he has received under the contract.

In the suit by the administrator and heirs of Joseph H. Reynolds to set aside the sale of his personal property to the ap-

pellant, for the purpose of showing that nothing was to be returned to the appellant, it was alleged that nothing had been paid. Had it appeared that any part of the purchase-price for the property had been paid, the complaint would have been bad without an allegation that the amount so paid had been tendered back.

It is thus made plain that the issue as to whether the appellant had paid to Joseph H. Reynolds, or to any one for him, any part of the purchase-price for the property, the recovery of which was sought in that case, was a material one. It was not alleged that any money, or thing of value, had been tendered back to the appellant, but the case rested upon the allegation that nothing had been paid, and, therefore, nothing was to be returned. Had the court found that five hundred dollars of the purchase-price of the personal property, then in controversy, had been paid, it could not have found for the plaintiffs in that action.

In our opinion it sufficiently appears that the questions involved in this action were litigated and settled in the former action between these parties, and that appellant is estopped by the record in the former action from again litigating the question as to whether he had paid to Joseph H. Reynolds, or to any one for him, any part of the purchase-price of the personal property involved in that suit.

It follows, that the circuit court did not err in overruling the motion for a new trial.

Judgment affirmed.

Filed Nov. 11, 1890.