Srader *v.* Srader, Administrator, *et al.*

SRADER *v.* SRADER, ADMINISTRATOR, ET AL.

[No. 18,519.   Filed October 25, 1898.]

FRAUD.—*Deeds.*—*Action to Set Aside.*—*Complaint.*—A complaint in an action to set aside a conveyance of real estate on account of fraud on the part of grantee must show that the defrauded party was damaged.  *pp. 341, 342.*

COMPLAINT.—*Action to Set Aside Conveyance of Real Estate.*—A complaint to set aside a conveyance of real estate on account of fraud must show an offer to return the purchase-money paid.  *pp. 342, 343.*

From the Montgomery Circuit Court. - *Affirmed.*

*Claude Thompson* and *Paul & Van Cleave,* for appellant.

*Albert D. Thomas* and *William T. Whittington,* for appellees.

JORDAN, J.—Action by the appellant to set aside, upon the ground of fraud, a deed executed by Andrew W. Srader to appellees, Jacob G. and Morton E. Srader, whereby he conveyed to them certain described real estate.   The gist of the material facts, as alleged in the first paragraph, may be said to be as follows: Andrew W. Srader died on the 8th day of November, 1896, leaving the appellant surviving as his only full brother, and certain others of the appellees in this action as his half brothers and sisters, and only heirs at law.   William H. Long, one of the appellees, is the administrator of the estate of said decedent.   Andrew W. Srader, prior to his death, was the owner of forty acres of land situated in Montgomery county, Indiana, which he inherited from his mother.   In November, 1895, he sold and conveyed this real estate to the appellees, Jacob G. and Morton E., who were his two half brothers, for the agreed consideration of $2,000; $200 of this purchase price being paid in cash by the said grantees to the said

Andrew W. Srader, the grantees assuming, as a part of the purchase-money, the payment of a $500 mort-gage lien existing against the land at the time of the sale, and executed promissory notes payable to the said Andrew W. Srader for the remainder of the said purchase price. These unpaid notes were held by the administrator of the said Andrew W. at the commencement of this action, and it is alleged that he, as said administrator, is about to collect the notes from the said Jacob G. and Morton E. Srader and convert them into money.

It is averred that the said decedent was a person feeble in mind, and incapable of looking after his own affairs, and that his said two half brothers' were shrewd business men, in whom he had implicit confidence. It is also averred that, under the circumstances, these two half brothers, appellees herein, in order to induce the decedent, Andrew W., to convey the real estate in question to them, falsely represented to him that the mortgage lien of $500, which existed against said land, was about to be foreclosed, and that he would thereby lose his said property; that they would cause anonymous letters to be written to the said Andrew W. which stated that the land would be taken from him in a few days by the holder of the mortgage lien, and that the only way for him to save the property was to convey it away and take notes therefor. Said decedent, it is averred, confided in said Jacob G. and Morton E. and would show these letters to them, and they would represent to him that the matters stated in said letters were true. It is averred that Jacob G. and Morton E. wrote the letters themselves, or caused them to be written, for the purpose and with the intention of taking advantage of the said decedent, and thereby inducing him by said fraudulent means to transfer the land to them. It is

charged that the decedent, Andrew W., relied upon these representations and believed them to be true, and, having full confidence in his said half brothers, conveyed the real estate to them. The falsity of the said representations is alleged, while it is also averred that they were made for the fraudulent purpose of taking advantage of the said decedent.

The complaint contains other averments in regard to the false representations made by the appellees to the decedent in respect to the manner in which the real estate would descend, and the manner in which his property would be distributed in the event of his death; but these facts are not material, and lend no support to the complaint. The prayer of the first paragraph is that the deed of conveyance be set aside, and the title quieted in the appellant, and that the notes for the purchase-money remaining unpaid be canceled and declared void. The facts alleged in the second paragraph are substantially similiar to those set up in the first, and the prayer is that the title to the real estate be quieted in appellant. For insufficiency of facts a demurrer was sustained to each paragraph of the complaint, and a final judgment in favor of the appellees was rendered upon demurrer.

The only question presented for review is: Do the facts, as averred in the complaint, sufficiently constitute a cause of action in favor of appellant to set aside the deed or conveyance in question upon the alleged ground of fraud? We are of the opinion that the facts, as alleged in the paragraphs in question, are not sufficient, and that the demurrer to each was therefore properly sustained.

Appellant, as the heir of the deceased grantor, occupies no better position than would the latter had he instituted and prosecuted this action prior to his

death. Without deciding the question as to the suffi-
ciency of the fraud imputed to appellees, by the
means of which they procured a sale of the land to
them, it is, however, manifest that the complaint is
fatally bad for the reason that there is an absence,
under the facts, of at least two essential elements.
First, there is no showing that the grantor sustained
any damage or injury in the sale and conveyance of
his land to the appellees. It is not disclosed that the
purchase price of $2,000, for which the forty acres
were sold and conveyed, was not equal to the full
value of the land. Five hundred dollars of the con-
sideration was satisfied by the grantees assuming the
payment of the mortgage existing against the prem-
ises to that amount. Two hundred dollars were paid
to the grantor in cash, and for the remaining $1,300
the grantees executed to the grantor their promissory
notes, which, it appears, the administrator of the lat-
ter held and was proceeding to collect. There is no
showing that these notes are not amply good, and
worth their full face value. For aught appearing in
the complaint, the sale and conveyance of the land,
under all of the circumstances, may have been con-
ducive to the best interests of the grantor. Fraud
without damage or injury to the defrauded party
creates no cause of action. This rule is elementary,
and one of universal application. *Wiley* v. *Howard,*
15 Ind. 169; *Bodkin* v. *Merit,* 102 Ind. 293; Cooley on
Torts, pp. 474 and 475. Second, it does not appear
that there was any effort made to place the appellees
in *statu quo* by a return or an offer to return to them
the amount of the money which they paid in cash
upon the purchase price for the land, and by restoring
or offering to restore to them the notes which they
had executed. It is a well-settled rule that a party
desiring to rescind a contract upon the ground of

fraud must either restore or offer to restore what has been received therefor, in order that the other party may be placed, as near as possible, in *statu quo.* This doctrine is well affirmed by many authorities. *Wiley* v. *Howard, supra; Vance* v. *Schroyer,* 79 Ind. 380; *Ashmead* v. *Hurt,* 125 Ind. 566. Judgment affirmed.