## WOLCOTT v. WISE.

[No. 10,761. Filed April 6, 1921.]

1. CONTRACTS.—*Avoidance.—Fraud.—Resulting Damages.*—One of the facts essential to the avoidance of a contract alleged to have been procured by fraud is that the complaining party should have sustained damages by reason thereof which are the natural and proximate consequences of the fraud, and not those which are merely remote, contingent or purely conjectural. p. 305.

2. BROKERS.—*Real Estate Brokers.—Contract Secured by Misrepresentation.—Absence of Damages.—Avoidance.*—Where plaintiff falsely represented to defendants that he had the exclusive right to rent certain realty as agent for the owner, who was unknown to defendants, and thereby procured an agreement under which defendants rented the property and agreed to share their profits with plaintiff, defendants, who received the full amount due them under the contract, were in no way damaged by the misrepresentation as to plaintiff's exclusive right to rent, and cannot avoid the contract on that ground. p. 305.

3. BROKERS.—*Contracts.—Misrepresentation.—Avoidance.—Speculative Damages.*—Where plaintiff falsely stated to defendants that he had been given the exclusive agency for the renting of realty by the owner, who was unknown to defendants, and thereby procured an agreement under which defendants rented the premises and agreed to share their profits with plaintiff, the damage to defendants by reason of the loss of the possibility of their securing a broker's contract for the rental of the property from the owner without sharing profits therefrom with plaintiff is too remote and speculative to entitle defendants to avoid their contract to share profits with plaintiff because of his misrepresentation. p. 306.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Charles C. Wolcott against Edward P. Wise. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Wilkie & Wilkie,* for appellant.
*Sheehan & Lyddick,* for appellee.

BATMAN, J.—Appellant filed a complaint against appellee and one Guy Lynch to recover on the following contract:

> "This is to certify that Charles C. Wolcott is to get Fifty ($50.00) Dollars per year as his portion of the rental of lots 8-9-10, in block 9, on the west side of Broadway, Gary, Indiana, at the rate of Four (4) and 16/100 dollars per month, provided we receive the same beginning January 1, 1911, for a period of twenty years.
>
> (Signed)    Wise & Lynch."

Said Lynch was not served with process, and did not enter his appearance, and the cause was put at issue and tried with appellee as the sole defendant. The complaint consists of two paragraphs, to which appellee filed an answer consisting of a general denial and two affirmative paragraphs, one alleging payment and the other want of consideration. Appellant filed a reply in general denial. Appellee also filed a cross-complaint against appellant, alleging that the contract sued on was obtained by fraud and asking that the same be canceled. Appellant answered this cross-complaint by a general denial, and also by an affirmative paragraph based on the six-year statute of limitations. Appellant also filed a supplemental complaint asking that a certain amount accrued on the contract in suit, subsequent to the filing of the original complaint, be included in any judgment in his favor. The cause was tried by the court, resulting in a judgment against appellant on his complaint,

and in favor of appellee on his cross-complaint, and by which the contract in suit was decreed canceled. Appellant filed a motion for a new trial, which was overruled, and this action of the court is assigned as error on appeal.

Appellant's motion for a new trial is based on the reasons, that the decision of the court is not sustained by sufficient evidence and is contrary to law. The undisputed evidence in this case, taken in connection with that most favorable to appellee where there is a conflict, shows that in the year, 1910, appellant, appellee and said Guy Lynch were in the real estate business in the city of Gary; that prior to the month of July of said year appellant had received a letter from one J. L. Faulhaber, who was the owner of lots numbered 8, 9 and 10 in block 9 of said city, in which he proposed to appellant, that if he would find some one who would lease said lots, that he (appellant) could have all over and above $50 per month which he (Faulhaber) received as rent therefor after all taxes and assessments were paid; that if appellant found any one who would lease said lots, said letter should become a contract and be binding for twenty years after the date of such lease; that during the month of July of said year appellant, desiring to be absent from said city for some time, called on appellee and the said Guy Lynch, who were partners, for the purpose of turning over to them his real estate business on a profit sharing basis; that during their negotiations in that regard appellant spoke of the above described lots, and stated that he had the exclusive right to rent the same as agent of the owner; that as the result of said negotiations, appellant placed the renting of said lots in the hands of said Wise and Lynch with an agreement to share with them any profits arising therefrom, but refused to give them the name of the owner thereof; that at said time said Wise and Lynch did not

know who was the owner of said real estate, or that the same was being offered for rent; that some time prior to October of said year Wise and Lynch found a prospective tenant for said lots and communicated that fact to appellant by letter, and inquired what course they should pursue in order to close the matter, if they succeeded in leasing the same; that appellant then gave them the name and address of the owner of said lots, and told them they could take up the matter of executing the lease with him; that their prospective tenant agreed to take a lease on said lots for twenty years from January 1, 1911, at $60 per month, and in addition thereto to pay the taxes thereon, and such a lease was thereafter executed to him by the owner thereof; that appellant returned to Gary prior to October 1, 1910, and called on Wise and Lynch to make settlement as to a division of the profits to be derived from the leasing of said lots; that a difference arose as to such division, appellant claiming that he should have one-half thereof and Wise and Lynch the remaining one-half, while they claimed that the three parties concerned should each have one-third thereof; that an agreement was reached whereby appellant was to have $50 annually from said profits, provided the same were received by Wise and Lynch, and that they were to have the remainder thereof; that to evidence said agreement the contract in suit was executed; that for almost three years after said lease became effective the said Wise and Lynch received and paid to appellant the amount provided in said contract, when they learned for the first time that appellant did not have the exclusive right to rent said real estate as the agent of the owner, and thereafter refused to pay appellant any further amount under said contract on the ground that appellant had procured its execution through fraud, although they had received since said refusal the sum of $500 as profits from rent-

ing said real estate as hereinbefore stated; that if appellant had not represented to Wise and Lynch that he had the exclusive right to rent said real estate, they would not have agreed to co-operate with him under his contract.

Appellee contends that the foregoing facts show that the contract in suit was procured through fraud, and that the decision of the court, therefore, is sustained by sufficient evidence. We cannot concur in this contention. One of the facts essential to the avoidance of a contract, alleged to have been procured by fraud, is that the complaining party should have sustained damages by reason thereof. *Bish* v. *VanCannon* (1884), 94 Ind. 263; *Srader* v. *Srader, Admr.* (1898), 151 Ind. 339, 51 N. E. 479; *Board, etc.* v. *Garrigus* (1905), 164 Ind. 589, 73 N. E. 82, 74 N. E. 249; *Merchants Nat. Bank* v. *Nees* (1915), 62 Ind. App. 290, 110 N. E. 73, 112 N. E. 904. Such damages, however, must be the natural and proximate consequences of the fraud, and not those which are remote, contingent or purely conjectural. 20 Cyc 143; 12 R. C. L. 452; *Hartford Life Ins. Co.* v. *Hope* (1907), 40 Ind. App. 354, 81 N. E. 595, 81 N. E. 1088; *Linderman, etc., Co.* v. *Hillenbrand Co.* (1920), *ante,* 111, 127 N. E. 813.

In the instant case it appears that Wise and Lynch, prior to the time appellant called on them, did not know the name of the owner of the lots in question, or that they were offered for rent; that by reason of the information given them by appellant, they agreed to co-operate with him in realizing a profit from his contract with the owner in which they should share; that in pursuance of said agreement they did find a tenant for said lots, who entered into a lease with the owner thereof on such terms, that a profit of $120 annually would be realized from appellant's said con-

tract with the owner for a period of twenty years; that appellant and Wise and Lynch, in pursuance of their said agreement, determined the amount of such profits, which appellant should receive annually during such period, as evidenced by the contract in suit; that appellant received said amount annually from Wise and Lynch for almost three years, and the remainder of such profits was retained by them as their share thereof; that under their said agreement they are entitled to continue to receive and retain all of said profits, except the amount specified in the contract in suit, during the remainder of said twenty-year period. It thus appears that Wise and Lynch have received, and will continue to receive during said twenty-year period the full amount due them under their agreement with appellant, and by reason of that fact have not and will not sustain any damages by reason of the fact that appellant did not have the exclusive right to rent said lots.

But appellee claims, that if appellant had not represented that he had such exclusive right, he and the said Lynch would not have agreed to co-operate with 3. him in realizing a profit on his said contract, but instead would have made an effort to ascertain the name of the owner of said lots, and to make an independent contract with him whereby they could rent said lots and receive a greater profit in so doing than they were entitled to receive by reason of their co-operation with appellant under his contract. Appellee insists that he sustained damages because appellant's false statement, as to his exclusive right to rent said lots, deceived them and that they were thereby prevented from taking such course. A mere statement of this contention makes it apparent, that such damages fall clearly within the rule stated above with reference to remote, contingent and purely conjectural damages. If appellant had not stated that he had the exclusive right

to rent said lots, and Wise and Lynch had not agreed to co-operate with him under his contract, but had elected to follow the course outlined in such contention, it is apparent that many things might have arisen to prevent the accomplishment of their purpose. The owner of said lots might have had no title of record, or if so it might not have disclosed his present address, and Wise and Lynch might not have been able to get in communication with him, but if so it might not have been until such lots had been rented through the agency of another. But if they had succeeded in ascertaining the owner's name and address promptly, he might have declined to enter into a contract with them, because of the number of other outstanding contracts or for other reasons satisfactory to himself. Or if he was willing to enter into a contract with them, he might have demanded other terms, less advantageous to the agent than those contained in appellant's contract. Or appellant might have remained in Gary in order to find a tenant for said lots himself, or might have turned his contract over to other agents, and in one of these ways obtained a tenant for said lots before Wise and Lynch had ascertained the name and address of the owner, perfected a contract with him for renting the same, and found a tenant therefor. These contingencies disclose that the damages on which appellee relies, as an essential to his right to avoid the contract in suit, are wholly speculative, and not the natural and proximate consequence of the false statement on which they base their claim of fraud. We conclude that the decision of the court is not sustained by the evidence, and that the court therefore erred in overruling appellant's motion for a new trial. Judgment reversed, with instructions to sustain said motion and for further proceedings consistent with this opinion.