## KOSMOS PORTLAND CEMENT CO., Inc., v. D. A. Y. CONST. CO. et al.

### No. 6758.

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1939.

894

Hubert T. Willis and Crawford, Middleton, Milner & Seelbach, all of Louisville, Ky., and Walter Myers and Walter Myers, Jr., both of Indianapolis, Ind., for appellant.

Omer Stokes Jackson, Joseph W. Hutchinson, Caleb J. Lindsey, and Urban C. Stover, all of Indianapolis, Ind., for appellee State Highway Commission.

Floyd R. Mannon and Alan W. Boyd, both of Indianapolis, Ind., for appellee Western Casualty & Surety Co.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Appellant appeals from a decree dismissing its bill for want of equity brought to set aside the acceptance of work done under a construction contract for the State Highway Commission of Indiana by D. A. Y. Construction Company. The case was tried by the court who made special findings of fact and pronounced its conclusions of law thereon in favor of appellees. The only error assigned is that the court erred in its conclusions on the facts found.

The pertinent facts are that the defendant D. A. Y. Construction Company (hereafter referred to as "Construction Company") was engaged in the business of constructing roads and that Leon L. Deer was its Secretary; that the State Highway Commission of Indiana (hereafter referred to as "Commission") was charged with the building of state roads and that Earl Crawford, T. A. Dicus and Howard Atcheson were members of the Commission.

On September 12, 1935, the Commission awarded to the Construction Company a contract for construction work on U. S. Highway No. 52. The contract contained a provision that before any final estimate is paid to the contractor, he shall furnish receipts for all debts incurred in the prosecution of such work or satisfactory evidence that the same have been paid. It also provided that when, in the opinion of the engineer, the contractor shall have completed the work in an acceptable manner in accordance with the terms of the contract, the engineer was to prepare a final estimate for the work done and furnish the contractor with a copy; that before final acceptance was made, the contractor shall furnish receipts for all debts incurred in the prosecution of such work or give satisfactory evidence to the Chairman that they have been paid, and the Chairman would certify to the State Auditor the balance due, the certificate to be deemed an acceptance of the work by the state.

For the faithful performance of this contract, the Western Casualty & Surety Company (hereafter referred to as "Surety Company"), pursuant to the statutes of the State of Indiana,[1] executed a bond guaranteeing the performance by the Construction Company of all the terms and conditions of the contract including the payment of all lawful claims of subcontractors or materialmen for materials furnished.

During the performance of the contract, appellant shipped to the Construction Company cement which was used in the construction of the highway, the last shipment being made on October 29, 1935, and the last work was performed on December 18, 1935. Final inspection was made by the Commission and the work satisfactorily completed on December 31, 1935 and a final estimate prepared.

On February 10, 1936, Construction Company filed with the Commission an affidavit sworn to by Leon L. Deer, setting forth that all lawful claims of subcontractors and materialmen for materials fur-

---

[1] Sec. 36-112, Burns Ind.Stat.Ann., Vol. 7, 1938.

nished in completing the contract have been paid and that there were no claims which could be filed against said work. The affidavit was filed for the purpose of inducing the Chairman of the Commission to certify to the State Auditor the balance due and to enable the Construction Company to obtain said balance. The affidavit was false for the reason that at that time the Construction Company owed appellant $19,500. On February 11, 1936, the Chairman of the Commission certified to the Auditor of the State of Indiana that the final balance due Construction Company was $11,239.79, and that amount was paid. However, neither the Commission nor the Chairman had any knowledge that there was any balance due appellant for materials delivered to the Construction Company.

Appellant knew that all work in the performance of the contract had been completed in December, 1935, and knew not later than December 9, 1936 that the work had been accepted. About December 9, 1936, at its office in Louisville, Kentucky, Deer was requested by appellant to telephone to the Commission at Indianapolis, Indiana, and ascertain the date of the acceptance of the highway by the Commission, and an employee of the Commission advised Deer that the final certificate had been issued on February 11, 1936. Deer thereupon advised appellant that the highway had been accepted on February 14, 1936.

During 1936 and until February 11, 1937, Construction Company continued to purchase cement from appellant for use on other projects and was paid therefor, and during this period, Construction Company represented to appellant that it was taking steps by means of which it hoped to be able to obtain money with which to pay appellant.

Appellant never filed any claim with the Commission for the materials furnished the Construction Company, and no statement of the indebtedness due appellant from the Construction Company for the materials furnished was given to the Surety Company until February 13, 1937, when a letter dated February 10, 1937, containing such statement, was received by the Surety Company at Fort Scott, Kansas, on February 15, 1937.

Neither the appellant nor the Surety Company procured or participated in the filing of the Deer affidavit and had no knowledge that such an affidavit had been filed until after February 11, 1937.

The acceptance of the work under the contract, the payment of the final estimate thereon and the affidavit of Deer were shown by the records at Indianapolis, Indiana, in the offices of the Commission and of the Auditor of Indiana on and after February 11, 1936, and were available for the inspection of appellant and the public generally.

No notice of any kind was furnished to the Commission, or to any of its members prior to the issuance of the final voucher and final acceptance that the Construction Company was indebted to the appellant, and no claims were on file with the Commission at the time of, or prior to, final acceptance and at the time of the filing of the affidavit by Deer. There being no claims on file, the Commission accepted the affidavit as satisfactory evidence that all debts in the prosecution of said work had been paid, and, in so doing, the Commission followed the usual procedure in such cases.

Appellant contends that the District Court erred in dismissing its bill for want of equity and claims it is entitled to relief because the jurisdiction of the Indiana State Highway Commission was invoked through the fraud of Deer for the purpose of bringing about the acceptance of the highway, and argues that such fraud vitiates everything it touches.

■ There is no doubt that the acceptance of the highway and the issuing of the final certificate by the Commission was a quasi-judicial act, and was, in the absence of fraud, conclusive on all the parties, and that it may be attacked by one who has not waived the fraud, when the rights of an innocent third party have not intervened, Town of Woodruff Place et al. v. Gorman, 179 Ind. 1, 5, 100 N.E. 296; Blain v. City of Delphi, 195 Ind. 463, 145 N.E. 764; and it is true that there was a provision in the contract that the Construction Company should pay for materials furnished and used in the construction of the highway, and that the bond was given to secure the performance of the contract. A bond given to secure the performance of such a contract inures to the benefit of those furnishing materials, and they may maintain an action thereon, Aetna Indemnity Co. v. Indianapolis Mortar & Fuel Co., 178 Ind. 70, 98 N.E. 706; but, in the view that we take of this case,

that is not the question that calls for our decision.

The statute,[2] pursuant to which the bond was executed, required any person furnishing materials, within one year after the acceptance of the highway by the Commission, to furnish the Surety Company a statement of the amount due for such materials, and in authorizing suits on the bond, it provides that "No suit shall be brought against the sureties on such bond until the expiration of sixty (60) days after the furnishing of such statement. If such indebtedness shall not be paid in full at the expiration of such period of sixty (60) days, such person, * * may bring an action in his own name, upon such bond, such action to be commenced within eighteen (18) months from the date of the final acceptance of such highway or improvement. * * * And the right of recovery of any claimant thereunder shall be subject to the conditions and provisions of this act to the same extent as if such conditions and provisions were fully incorporated in said bond * * *."

■ It is obvious that the statute contemplated acceptance prior to the payment of subcontractors or materialmen, since the subcontractors and materialmen have one year after acceptance to notify the surety, and eighteen months after acceptance during which they may commence action on the bond.

■ The bond was given to secure to the State of Indiana the performance of the contract and to protect those who furnish materials to the contractor; but, to secure the benefits provided for the materialman, the materialman must comply with the statute.

■ In the instant case the Commission on December 31, 1935 accepted the highway as having been completed in accordance with the terms of the contract and determined that the final payment was due. At this stage of the proceedings, appellant had not been deprived of any rights that it may have had against either the Construction Company or the Surety Company. The acceptance of the highway did not affect any rights of the appellant, except to commence the running of the statutory period, and it was then that appellant could have filed a claim against the fund and it could have protected its cause of action against the Surety Company by notifying it of its claim.

Appellant admits that it knew the acceptance of the highway commenced the running of the statutory period. It had actual knowledge more than two months prior to the expiration of the year that the highway had been accepted, but took no affirmative steps to comply with the statute. It continued to sell cement to the Construction Company and deferred taking action against the Construction Company because it feared to lose a customer.

■ There is no evidence that the Surety Company or the Commission were guilty of any fraud but, on the contrary, counsel for appellant admits that they were not guilty of any fraud. It is a rule of universal application that to constitute actionable fraud it must appear that the complaining party has been in some way damaged or prejudiced, Board of Com'rs v. Garrigus, 164 Ind. 589, 73 N.E. 82, 74 N.E. 249; and fraud without damage or injury to the defrauded party creates no cause of action, Srader v. Srader, 151 Ind. 339, 51 N.E. 479. The fraud and injury must be connected and bear to the other the relation of cause and effect; the damage must flow from the fraud as the proximate and not the remote cause. These principles, we believe, are applicable here. The Surety Company's obligation was to pay those claimants who comply with the statute. This was the obligation imposed upon it by law, and its obligation terminated after the acceptance of the highway as to all who had failed to notify it within the period provided in the statute. Moreover, it was not the fraud of the Construction Company, which entered into the acceptance of the highway, which damaged appellant, but it was its own failure to comply with the statute.

For the reasons herein set forth, we believe the District Court did not err in dismissing the bill and the judgment is affirmed.

---

[2] Sec. 36-112, Burns Ind.Stat.Ann., Vol. 7, 1938.