Filed Nov. 15, 1884.

---

### No. 11,360.

### HOOVER ET AL. *v.* SIDENER.

SALE.—*Warranty.*—*Rescission of Contract.*—An absolute sale of a chattel with a mere warranty does not authorize the purchaser, for breach of the warranty, to rescind the contract by notice and return of the property, but he must sue for the breach, or, in a proper case, he may *recoup.*

From the Bartholomew Circuit Court.

*W. F. Norton* and *S. W. Smith,* for appellants.

*A. Burns* and *M. D. Ewing,* for appellee.

BICKNELL, C. C.—The appellants brought this suit against Joseph D. Sidener to recover the price of an Excelsior Harvester and Binder.

The defendant answered by a general denial, a special plea in bar, and a counter-claim. The plaintiffs replied in denial of the special defence, and answered in denial of the counter-claim. The issues were tried by a jury, whose verdict was: "We, the jury, find for the defendant." A motion by the plaintiffs for a new trial was overruled, and judgment was rendered upon the verdict. The plaintiffs appealed.

After the assignment of errors, the death of said Joseph Sidener was suggested, and by leave of court his executor, above named, was substituted as appellee herein. The appellants assign errors as follows:

1. Overruling the demurrer to the second paragraph of the answer.

2. Overruling the demurrer to the counter-claim.

3. Overruling the motion to reject the counter-claim.

4. Overruling the motion to strike out the counter-claim.

5. Overruling the motion for a new trial.

The second paragraph of the answer admitted the purchase and price of the harvester as stated in the complaint, and averred a special warranty by the appellants that it would do good work and give general satisfaction, and an agreement at the same time that if, upon fair trial during the harvest of 1881, the machine should satisfy the warranty, then said Sidener should give the plaintiffs his note therefor, payable December 1st, 1881, for $240; but if the machine should fail to satisfy the warranty, then the plaintiffs should take it back, and said Sidener should pay nothing either for the machine or for the use of it; that defendant Sidener gave the machine such trial, and that it did not satisfy the warranty, of which the plaintiffs were duly notified, and said Sidener offered to return the machine, which the plaintiffs would not receive, but requested said Sidener to make a further trial, and promised to send their men to rectify the machine, and declared that it should satisfy said warranty before the defendant should be required to keep it and pay for it; that plaintiffs did send men who tried to make the machine work, and failed, and said Sidener again offered to return the machine, and the plaintiffs refused to receive it, and the parties then agreed that said Sidener should store the machine on his premises until the harvest of 1882, and that the plaintiffs should furnish and attach thereto a new binder, and improve the machine, and make it satisfy the warranty, and that then said Sidener should pay therefor said $240, and that if the machine should still fail to satisfy the warranty, the plaintiffs should take it away at their own expense, and said Sidener should pay nothing; that said Sidener did so store the machine, but plaintiffs did not perform their part of this last agreement, although they tried to amend the machine, but after such attempted amendments, the machine wholly failed to satisfy the warranty, and

is of no value whatever. This answer stated also the particulars in which said machine failed to satisfy said warranty.

This was a good answer. Where the article warranted is of no value, it is not necessary to state expressly that the damages arising from a breach of the warranty equal the price of the article. *Dill* v. *O'Ferrell,* 45 Ind. 268; *McCormick, etc., Co.* v. *Hays,* 89 Ind. 582. There was no error in overruling the demurrer to this paragraph. The counter-claim was also sufficient. It was substantially the same as the second paragraph, having also averments of special damages sustained by said Sidener by reason of the breach of the warranty.

The third and fourth specifications of error present no question for consideration, because the motions therein referred to are not made parts of the record by bills of exception or otherwise. *School Town of Princeton* v. *Gebhart,* 61 Ind. 187.

There are twenty-six reasons for a new trial. The first four reasons present the question as to the sufficiency of the evidence. The fifth and sixth reasons for a new trial allege error in giving and refusing instructions. As this case must be reversed for error in giving instructions we need not express any opinion as to the sufficiency of the evidence.

The evidence was conflicting upon the question whether there was an unconditional sale of the machine with a warranty, or conditions agreed upon at the sale, that if, upon certain trials of the machine, it should fail to do good work and give general satisfaction, then the defendant should not be required to pay for it. It therefore became the duty of the court to instruct the jury upon the law as to sales absolute with a warranty, and as to sales made upon the terms set forth in the defendant's answer.

In instruction No. 12 the court said: "In the case of a sale absolute under warranty, if it fail to come up to the terms of warranty, it is the duty of the purchaser to give notice of the failure, and offer to return the machine within a reasonable time, and if he fails to do so he becomes the owner of the machine, and liable for its purchase-price or value."

In instructions Nos. 29 and 30 the court told the jury as follows:

29. One who purchases a piece of property under a warranty, which fails to meet the terms of the warranty, has his choice of two courses to pursue: He may either hold the machine, and when sued for the purchase-price offset the sum which it is less worth than if as warranted, hold the machine and pay the balance of the purchase-money; or, instead of pursuing that course, he may, within a reasonable time after discovering the failure of warranty, notify the vendors of the failure, and that he holds the property subject to their order, in which case he will not be liable for the purchase-price, and the property remains in the vendors.

In instruction No. 30, the court told the jury that under the pleadings in this case the defendant claims to have adopted the latter course.

The substance of that part of instruction No. 12, above recited, and of No. 29, above set forth, is that upon a mere breach of warranty upon an absolute sale of goods, the purchaser has a right to rescind the contract, and, by giving notice of the breach in a reasonable time, can avoid payment for the goods. This was not a correct statement of the law.

In *Marsh* v. *Low*, 55 Ind. 271, this court said, by WORDEN, J.: " We think it established by the weight of authority, that where property has been unconditionally sold, with a warranty superadded, in the absence of fraud the purchaser can not, because of a breach of the warranty, without the consent of the seller, rescind the contract and recover back the purchase-money paid, as for money paid upon a consideration which has failed, or defend against the collection of the purchase-money upon the ground of want or failure of consideration. The remedy of the purchaser in such a case is an action for a breach of the warranty; and the remedy may, doubtless, be enforced in a proper case, by way of recoupment or counter-claim."

The same error, above pointed out, is continued and made

Indiana, Bloomington and Western R. W. Co. *v.* Brittingham *et al.*

the basis of instructions Nos. 31 and 32.   If there was such a special agreement as is set out in the defendant's answer, and if the machine on the trial thereof, provided for by such agreement, proved defective, then it was the duty of the defendant to give reasonable notice of the failure in order to avoid liability to pay for the machine, but if there was a mere breach of warranty, upon an absolute sale, it would be of no avail to the defendant to give notice of the breach.

The appellants complain of the 39th instruction in reference to the measure of damages, but as the jury found no damages for the defendants, if there was any error in this respect it did no harm.

We find no substantial error in any of the other instructions given by the court.   And we find no error in the refusal to give the instructions asked for by the plaintiffs.   So far as these instructions were appropriate, the substance of them was contained in the instructions given by the court.

For the errors hereinbefore pointed out in the instructions given by the court the judgment ought to be reversed.   This result renders it unnecessary to consider any of the other reasons alleged for a new trial.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

Filed Nov. 15, 1884.