Flint *et al. v.* Cook.

Filed June 20, 1885.

No. 11,902.

### FLINT ET AL. *v.* COOK.

·CONTRACT.—*Sale of Wind-Mill.—Conditions.— Pleading.*—The contract of sale of a wind-mill contained the following stipulation: "If you accept this order and ship me the goods ordered above, it is with the distinct understanding, and is a part of this contract, that if the wind-mill does not work well for sixty days after erected, I am to notify you and give you ninety days after receipt of such notice by you in which to remedy the defect, and if you can not make it work well you are to remove the wind-mill and release me from the amount which I have paid for said mill as above stipulated." On the reverse side of the contract was written the following, which was signed by the seller's agent: "The condition of this sale is that D. G. erects the mill, and after ninety days, if the mill suits J. C., he agrees to settle on the conditions named in the within order." Action to recover the price of the mill.

*Held,* that the purchaser did not have the right to arbitrarily say he was not suited and reject the mill, but he was only relieved from keeping it by reason of any defect or failure to perform, which the seller failed, upon notice, to remedy.

*Held,* also, that a paragraph of answer alleging generally that the "wind-mill did not work well," and another alleging that the plaintiff's agent "wholly failed to cause the same to work sixty days, or any other period of time, or to work at all," and another alleging that it "never did work, never was of any use or value to the defendant, because it would not pump water for stock, nor do any other thing for which it was intended," but each failing to aver the particulars in which it was defective, are not sufficient.

From the Hancock Circuit Court.

Flint *et al. v.* Cook.

*J. H. Mellett, E. Marsh* and *W. W. Cook,* for appellants.
*J. A. New* and *J. W. Jones,* for appellee.

MITCHELL, C. J.—This suit was brought to recover the
price of a wind-mill, which it is alleged was sold and delivered
by Flint, Willing & Co., of Kendallville, Indiana, to James
M. Cook.   The contract of sale is in writing, and contained
among other stipulations the following: " If you accept this
order and ship me the goods ordered above, it is with the dis-
tinct understanding, and is a part of this contract, that if the
wind-mill does not work well for sixty days after erected, I am
to notify you and give you ninety days after receipt of such
notice by you in which to remedy the defect, and if you can
not make it work well you are to remove the wind-mill and
release me from the amount which I have paid for said mill
as above stipulated.   A defect in any one article used on this
job to affect price and purchase of that article only."   On
the reverse side of the contract there was written the follow-
ing stipulation, which was signed by the plaintiffs' agent:
" The condition of this sale is that D. H. Goble erects the
mill, and after ninety days, if the mill suits James M. Cook,
he agrees to settle on the conditions named in the within
order."   To the complaint, with which the written contract
was filed as an exhibit, and upon which no question is made,
there was an answer in four paragraphs, one of which was
the general denial and three special answers.

The material part of the second paragraph set up as a
ground of defence the following:   " That said wind-mill did
not work well at any time after erected, and that within a
reasonable time after the expiration of sixty days, after the
erection of said mill, to wit, within thirty days thereafter,
the defendant notified the plaintiff and his agents that said
mill did not work well, and demanded that said plaintiff re-
move the same from his premises," etc.

The third paragraph, after averring the contract and mod-
ification thereof as contained in the stipulation on the reverse

side, and the delivering of the mill to defendant, alleges: "That thereafter said Goble, agent as aforesaid, undertook to erect said wind-mill, but wholly failed to cause the same to work sixty days, or any other period of time, or to work at all; that said mill therefore did not suit the defendant. All of which the plaintiff had notice before the institution of this suit." This paragraph also avers that the defendant, before the institution of the suit, notified plaintiff to remove the mill and release him from his contract.

The fourth paragraph avers the contract, and that the plaintiffs "thereunder constructed or pretended to construct the certain mill, but the same never did work, never was of any use or value to the defendant, because the same would not pump water for stock, nor do any other thing for which it was intended when purchased," and it is alleged that in consequence of such failure the consideration for the contract failed.

Separate demurrers were filed and overruled to each of the foregoing answers, and these rulings are assigned and insisted upon as errors.

For the reasons stated in the case of *McClamrock* v. *Flint,* 101 Ind. 278, the second paragraph of answer was palpably bad. To say that the wind-mill did not work well is not an allegation of any defect in the mill. It is nothing more than the expression of an opinion, without stating any facts upon which an issue can be made.

Under the contract, as we interpret it, the sale was upon the condition that the plaintiffs should furnish and erect the wind-mill; that when erected it should work to the satisfaction of the defendant for the period of ninety days. If at any time within ninety days from the time of its erection it should fail to work satisfactorily on account of any defect in its construction, or other imperfection, the plaintiffs were to be notified, when, if within the ninety days succeeding such notice they should fail to remedy the defect, and make the mill work

satisfactorily for the purposes intended, they were to remove it, and the contract was to be at an end.

It is argued by counsel for the appellee, that because of the modification or stipulation written on the back of the contract, the transaction did not constitute a sale on condition, and that the appellee had the right arbitrarily to say he was not suited, and reject the mill and demand its removal.    We do not think the contract susceptible of this meaning.    That a contract may be so made as that the purchaser may, out of mere caprice or whim, refuse to receive, or, having received on trial, may refuse to retain, an article of personal property contracted for, we have no doubt.    But before a contract would be so construed it must clearly appear from its terms that the purchaser was to have the unqualified option of refusing to receive the article furnished or manufactured for him without regard to its suitableness for the purpose for which it was furnished.    Such was the case of *Brown* v. *Foster,* 113 Mass. 136.    There the plaintiff contracted to make a suit of clothes, which, according to the contract, were to be made to the satisfaction of the defendant.    The clothes were made and received, were not satisfactory, and were returned.    The plaintiff proved by other tailors that with some slight alterations which he had offered to make the suit was a good fit, but the court said : "Although the compensation of the plaintiff for valuable service and materials may thus be dependent upon the caprice of another who unreasonably refuses to accept the articles manufactured, yet he can not be relieved from the contract into which he has voluntarily entered."    To the same effect are *McCarren* v. *McNulty,* 7 Gray, 139, and *Gibson* v. *Cranage,* 39 Mich. 49.    To the contrary see *Manufacturing Co.* v. *Brush,* 43 Vt. 528, and *Daggett* v. *Johnson,* 49 Vt. 345.

It might plausibly be contended, but we do not decide the question, that the contract under consideration was within the principle ruled in the foregoing cases, which hold that a purchaser may arbitrarily refuse to retain an article if there was nothing more of it than the stipulation which was writ-

ten on the reverse side. But the whole must be construed together, and, when so construed, it means that if the mill should not suit the purchaser on account of any defect or failure to perform, which the plaintiff failed upon notice to remedy, then he was to be relieved from keeping it. *Clark* v. *Rice,* 46 Mich. 308.

The third paragraph of answer is likewise insufficient. This paragraph avers that Goble, the plaintiffs' agent, " wholly failed to cause the same to work sixty days, or any other period of time, or to work at all," and that the mill, therefore, did not suit the defendant.

No defect in the mill is alleged. That Goble failed may have been on account of his neglect or inexperience rather than because the mill was defective or imperfect. There is no averment of a failure of the mill to work on account of any defect or imperfection in its plan, construction or manner of erection, and notice of the fact to the plaintiffs within ninety days, nor is there any averment that the defendant tried to operate the mill and failed. The averment is that Goble failed, not the mill.

Under their contract the plaintiffs were bound to furnish and erect the mill so that the defendant could use it for the purposes intended, and upon notice within the time limited that it failed to perform as designed, cause it to work satisfactorily or take it away.

The fourth answer avers that the mill "never did work, never was of any use or value to the defendant, because it would not pump water for stock, nor do any other thing for which it was intended." For reasons already stated this answer was manifestly insufficient. See *Neidefer* v. *Chastain,* 71 Ind. 363 (36 Am. R. 198).

As the case must be reversed for the error in overruling the demurrers to the several answers above mentioned, and as the other questions discussed may not arise on a second trial, we do not extend this opinion further to notice them.

Judgment reversed, with costs, with directions to the court

below to sustain the demurrers to the answers above mentioned, and for further proceedings in accordance with this opinion.

Filed June 16, 1885.