May, Executor, v. Hoover *et al.*

Judgment affirmed.

Filed Dec. 2, 1887.

---

No. 13,382.

### MAY, EXECUTOR, *v.* HOOVER ET AL.

STRUCK JURY.—*Peremptory Challenge.*—The parties to an action do not have the right of peremptory challenge in the case of a struck jury, demanded under section 525, R. S. 1881.

SAME.—*Estoppel.*—*Practice.*—One who has peremptorily challenged struck jurors after his adversary has been permitted, over objection, to do so, is not thereby estopped to complain of such ruling.

CONTRACT.—*Sale of Machine.*— *Warranty.*— *Right of Buyer to Reject.*—A contract for the sale of a machine which provides that if such machine fails, upon a fair trial, to do good work and give satisfaction the seller will

take it back and the buyer shall pay nothing, does not give the latter the right to arbitrarily reject it, merely because he is not satisfied with it; but it must appear that it fails to give satisfaction on account of defects and a failure to do good work.

From the Bartholomew Circuit Court.

*A. Burns, G. W. Cooper, F. T. Hord* and *M. D. Emig,* for appellant.

*J. C. Orr, W. F. Norton* and *S. W. Smith,* for appellees.

ZOLLARS, J.—In 1882 appellees, who were partners, doing business under the firm name of Hoover & Co., commenced an action against Joseph D. Sidener. The action was based upon an account for the value of an " Excelsior Harvester and Binder."

The cause was tried and an appeal taken to this court. While the cause was pending here Sidener died, and appellant, as the executor of his will, was substituted as appellee. The judgment having been reversed (see *Hoover* v. *Sidener,* 98 Ind. 290), another trial was had below, in 1885. From the judgment rendered upon that trial appellant prosecutes this appeal.

Appellees have moved to dismiss the appeal for the reason that it was not taken within the time, nor in the manner, prescribed by sections 2454, 2456, 2457, R. S. 1881, and 2455, R. S. 1881, as amended in 1885 (Acts 1885, p. 194).

It is sufficient here to say that the question presented by their motion and argument has recently been before this court and decided adversely to their motion. *Heller* v. *Clark,* 103 Ind. 591; *Wright* v. *Manns,* 111 Ind. 422 (425).

Prior to the last trial below appellees demanded a struck jury, as provided by the statute. R. S. 1881, section 525. The parties attended at the clerk's office at the time fixed, and from the list of forty names selected by the clerk each struck off twelve. On the day set for the trial twelve of the remaining sixteen jurors, not struck from the clerk's list, appeared and were called, and took their places in the jury-box.

They were not challenged for cause. Over appellant's ob-
jections and exceptions, appellees were allowed to peremp-
torily challenge two of them, and they were discharged by
the court, also over appellant's objection and exception, and
the panel was filled from the by-standers.

The record thus presents the question as to whether or not
parties may peremptorily challenge struck jurors. We have
reached the conclusion that they have not that right.

Section 525, R. S. 1881, *supra*, after prescribing the method
of selecting a struck jury, provides that "Upon the trial of
the cause, the jury so struck shall be called as they stand upon
the panel, and the first twelve of them who shall appear, and
are not challenged for cause or set aside by the court, shall
be the jury, and shall be sworn to try said issue: *Provided,
however,* That, unless at least one-half of such struck jury
shall have been summoned and shall be in attendance when
such cause is called for trial, the case shall be tried by the
regular petit jury, as other cases."

This section, it will be observed, recognizes the right of
challenge for cause, and impliedly, at least, prohibits any
other challenge. In the construction of the section the
maxim "*Expressio unius est exclusio alterius*" (Broom Legal
Maxims, 651,) should be applied. The mention of the chal-
lenge for cause excludes by implication peremptory chal-
lenges.

Section 531, R. S. 1881, provides that in all cases where
the jury consists of six or more persons, each party shall have
three peremptory challenges.

Appellees contend that this section and section 525, *supra*,
should be construed together, as they are found in the same
article of the present code, and that, when thus construed, it
must be held that the latter section confers the right to per-
emptorily challenge struck jurors. The purpose of construc-
tion is to arrive at, and give effect to, the intention of the
Legislature in the enactment of the laws. *Middleton* v.
*Greeson,* 106 Ind. 18, and the cases there cited. In order to

ascertain that intention as to any statute, or section of a statute, all of its various sections and provisions should be construed together, so as to make the statute in all its parts consistent as a whole. *Wasson* v. *First Nat'l Bank, etc.,* 107 Ind. 206 (211). It is also proper, in cases of doubt, to look to the legislative history of a statute or section of a statute. *Stout* v. *Board, etc.,* 107 Ind. 343.

Section 531 of the present code is the same as section 313 of the code of 1852. 2 R. S. 1876, p. 161. At the time the code of 1852 was adopted, and for nine years thereafter, that section had relation to ordinary juries, and not to struck juries, because, until 1861, struck juries were unknown in our practice.

In 1861, Acts 1861, p. 45, 2 R. S. 1876, p. 159, an act authorizing struck juries was passed. That act of four sections was substantially the same as sections 525, 526, 527 and 528 of the present code, R. S. 1881. The act of 1861 was thus re-enacted into the code of 1881 as a part of it. It is reasonable to presume that, in thus re-enacting that act into the code of 1881, the Legislature did so upon the assumption that, as a part of that code, it should be construed, as it should have been while it stood alone, as a separate act. As a separate act, of subsequent date to the code of 1852, which provided for challenges of jurors, its proper construction, doubtless, should have been, had the question been raised, that it not only did `not provide for peremptory challenges of struck jurors, but impliedly denied that right.

These observations have weight with us in reaching the conclusion that, construing the sections of the code of 1881 together, the Legislature did not intend that either party should have the right of peremptory challenge in the case of a struck jury.

Under a statute similar to section 531, *supra,* it has been held in Pennsylvania that struck jurors may be peremptorily challenged. The decisions, however, seem to have been rested upon a custom which was not very satisfactory to the

court. In the case of *Schwenk* v. *Umsted*, 6 S. & R. 351, the court, in speaking of the case before it, and the statute which provided "that in all civil suits each party shall be allowed to challenge two jurors peremptorily," used this language: " The several acts respecting jurors are to be considered collectively, as forming one general system, and explanatory of each other. The sense and spirit of this privilege is, that a party shall possess the power of challenging at least two persons who may be obnoxious to him, but against whom there is no legal exception as jurors. This is a proper indulgence even to prejudice; but the reason ceases when he has an opportunity of striking off twelve. If the practice had not prevailed to the contrary, I should much doubt this right in any case of special jury. Why should this indulgence and arbitrary discretion be extended to fourteen? Why should the suitor, after striking out at his pleasure one full jury, have the right, on the trial, to strike two jurors more without cause? He has, in the words of the *venire*, put himself on that jury so struck." The court in that case refused to extend the challenge to viewers. What was there said is applicable here.

In the case of *McDermott* v. *Hoffman*, 70 Pa. St. 31 (55), the court simply followed the above case, saying: "However it may have been, had the question been *res integra*, it must now be considered as set at rest, both by inveterate practice, and the early recognition of that practice by this court in *Schwenk* v. *Umsted*, 6 S. & R. 354."

On the contrary, under statutes similar to ours, including section 531, *supra*, the Supreme Courts of Ohio and Minnesota have held that, in case of struck jurors, neither party is entitled to a peremptory challenge.

In the case of *Branch* v. *Dawson*, 30 N. W. Rep. 545, the Supreme Court of Minnesota said: " The statute regarding struck juries does not contemplate or authorize peremptory challenges to any of the sixteen names constituting the struck list. The reason is that striking twelve names from the list

of forty selected by the sheriff is a substitute and equivalent for the right of peremptory challenge given in other cases." See *Cleveland, etc., R. R. Co.* v. *Stanley,* 7 Ohio St. 155; *State of Ohio* v. *Moore,* 28 Ohio St. 595.

After appellees had been allowed to peremptorily challenge the struck jurors, appellant also peremptorily challenged some of those remaining. Appellees now claim that, because he did that, he is estopped to complain of the action of the court in allowing the peremptory challenges by them. We do not think so. Had appellant been the first to make such challenge, the case would be different; but, after the court, over his objection, had allowed appellees to peremptorily challenge the struck jurors, and thus ruled that such challenges were proper, appellant had the right to meet his antagonists upon the ground chosen by them. And in doing so, he did nothing that ought to estop him from complaining of the error committed by the court in ruling as it did upon the solicitation of appellees.

For the error of the court in permitting appellees to peremptorily challenge the struck jurors, the judgment must be reversed.

There is one question that may be material upon a re-trial, and hence we decide it here. Appellant asked the court to charge the jury as follows: " If the machine was sold to Mr. Sidener, and at the time, and as a part of the terms of the sale, it was agreed by the agent of the plaintiffs that it should give satisfaction, then the meaning of this expression is that it should give satisfaction to Mr. Sidener himself; and if you find from the evidence that the machine was sold to Mr. Sidener with the agreement that it was to give satisfaction, and that Mr. Sidener, in good faith, after a fair trial, was not satisfied with it, and so notified the plaintiffs or their agents, and in a reasonable time thereafter offered to return the same, then he was not bound to keep it, or pay for it, and you must find for the defendant."

Other instructions of a like import were asked by appellant, and, with the above, were refused by the court.

It will be observed that by these instructions appellant sought a verdict upon the theory that Sidener might repudiate the sale upon the sole ground that he was not satisfied with the machine, although it may have been without defects. Doubtless, as was said in the case of *Flint* v. *Cook*, 102 Ind. 391, a contract may be so made as that the purchaser, out of mere caprice or whim, may refuse to receive, or, having received on trial, may refuse to retain, an article of personal property contracted for. The case in hand, however, we think does not involve that sort of contract. Appellant can not plead upon one theory and succeed upon another and entirely different theory.

The contract as set up in the answer is, that Sidener purchased the machine of appellees with the special warranty " that it would do good work and give general satisfaction," and with the express agreement that if, upon a fair trial of the machine, it should do good work and give general satisfaction, he should pay for it; and that if, upon such trial, it should not do good work and give general satisfaction, appellees were to take it back and Sidener should pay nothing. It is charged in the answer that, upon such trial, the machine failed to do good work and give satisfaction, in that the binder choked up, scattered and failed to bind one-half of the wheat cut by the reaper attached.

There are other averments in the answer, but, so far as the instructions under consideration are concerned, they need not be here noticed. We think it clear that the contract set up in the answer did not give Sidener the right to reject the machine, and refuse to pay for it, simply because he may not have been satisfied with it, regardless of the fact as to whether or not it did, or would do, good work. It was to do good work and give satisfaction. It was not to give satisfaction regardless of the sort of work it would do, but to give satisfaction by reason of doing good work. And, *e converso*, the

failure to give satisfaction was not to be regardless of the sort of work the machine would do, but by reason of it not doing good work. In other words, to give Sidener the right to return the machine, it was necessary that it should appear that it was defective, and would not do good work, and, for that reason, did not give satisfaction. This interpretation of the contract set up in the answer was, in effect, given to it upon the former appeal, although the statements in the opinion in relation to it are brief. See *Hoover* v. *Sidener, supra.* This interpretation is also fully sustained by the case of *Flint* v. *Cook, supra.* Appellant, therefore, was not entitled to instructions to the jury that if the machine did not give satisfaction to Sidener they should find for the defendant (appellant), regardless of the fact as to whether or not the machine was defective, or did, or did not, do good work. There was no error in the refusal of appellant's second instruction, and others of a like tenor.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to the court below to award a new trial.

Filed Dec. 2, 1887.