Aultman, Miller & Co. v. Seichting.

senior mortgage. Phillips Mechanics' Liens (2d ed.), sections 243, 244, 246.

Judgment affirmed.

Filed Nov. 20, 1890.

---

No. 14,526.

AULTMAN, MILLER & CO. v. SEICHTING.

WARRANTY. — *Breach of.*—*Pleading.* — *Necessary Allegations.*—A pleading based upon the breach of a warranty that a binder, if properly managed, would do good work, which does not aver in what particulars there is a breach of such warranty, but avers merely that the machine would not do good work, and would not cut and bind wheat in good order, and that it would not, and could not, be made to do good work, and is absolutely worthless, is insufficient. In such a case it is necessary to allege wherein the machine fails to comply with the warranty, or the particular defects by reason of which there is a failure to comply with the warranty.

SAME.—*Action on Note for Price.*— *Pleading.*—*Cross-Complaint.*— *Sufficiency of.*—In an action on a note given for the machine, a paragraph of cross-complaint seeking a cancellation of the note in suit and two others, which, based upon the warranty that the machine would do good work, alleges that it would not, and could not, be made to do good work, is insufficient; as, also, a paragraph based upon the false representations of the agent that the machine would do good work, which alleges, generally, that the machine would not do good work and was worthless; but a paragraph which alleges that the plaintiff holds three notes against the defendant, which were executed without any consideration, and that the plaintiff has brought suit on one of said notes, and is holding the others, and is threatening to bring suit upon them as soon as they mature, is sufficient on demurrer.

From the Morgan Circuit Court.

*J. H. Jordan* and *O. Matthews*, for appellant.

*G. A. Adams* and *J. S. Newby*, for appellee.

OLDS, J.—This is an action brought by the appellant against the appellee upon a promissory note given by the appellee for a Buckeye down binder.

The appellee answered in three paragraphs, also filed a cross-complaint in three paragraphs.

The appellant demurred to each paragraph of answer and cross-complaint, which demurrers were overruled, and appellant excepted to the rulings of the court and assigns such rulings as error.

Appellant also filed a motion for a new trial, which was overruled, and exceptions reserved, and such ruling is also assigned as error.

At the time the appellee gave his order for the binder, the appellant executed to the appellee a written warranty, which is as follows:

"The Buckeye machine for which the written order is given is warranted to be well made, of good material, and if properly managed to do good work. The purchaser shall have one day in the harvest-field to give it a fair trial, and agrees to see that the machine is properly managed. In case the machine does not do good work the purchaser is to give written notice, both to the agent from whom he received the machine and to Aultman, Miller & Co., Akron, Ohio, stating wherein it fails, and shall allow reasonable time to get to it and remedy the defects, if any, and the purchaser shall render necessary and friendly assistance to the person sent to look after the machine, and if it can not be made to do good work he shall return it to the place where he received it free of charge, in as good condition as he received it, excepting natural wear, and a new machine will be given in its place, or the money will be refunded. Continued possession of the machine, or failure to give notice as above, shall be conclusive evidence that the machine fills the warranty, and no one has any authority to change this warranty in any manner.

(Signed)     "AULTMAN, MILLER & Co."

The first paragraph of the answer admits the execution of the notes sued on, and then alleges that the same was executed as part payment for a Buckeye down binder which

was sold by appellant to appellee on the 11th day of June, 1885, and warranted to do good work by appellant, in writing, and to be of good material, and well built and constructed, and to cut and bind wheat in good order and condition, setting out a copy of the written warranty as a part of and an exhibit to the answer.

It further alleges that the appellee was ignorant of the quality of the machine, and, relying upon said warranty, purchased the same and executed said note in part payment therefor; that said machine would not do good work, and would not cut and bind wheat in good order; that appellant waived the notice required by said written warranty, and sent an agent and expert to try said machine in pursuance to said written warranty; that appellee, after having tried said machine on several occasions, and after appellant, by its agents, had also tried to work the same, and to cut and bind wheat with it, and after it had been fairly and sufficiently tried, and utterly failed to do good work or to work at all, appellee took the same back to appellant's agent where he got the same, and left it with him, and demanded that appellant furnish a new machine, and one that would do the work warranted to be done by said warranty; that said machine was at all times absolutely worthless; that said machine was forwarded to appellee at Morgantown, Indiana, and by him taken to his harvest-field and an attempt made by the appellee, the agents and experts of the appellant, and then and there to set up said machine and start it to work; that it was given a fair trial on good ground, and with a good team, and in good manner, but it would not and could not be made to do good work; that said agent and experts, who had also the authority to settle for said machine by taking notes for the purchase-price thereof, and in all things represented the appellant in said matter, stated and represented to appellee that the reason said machine would not work was because of ragweeds in said wheat, but falsely and fraudulently represented that if there were no weeds it would do good work ever

Aultman, Miller & Co. v. Seichting.

thereafter ; that appellee, being ignorant of the character of said machine, and believing the statements of the agents of the appellant to be true, and relying thereon, did on the day of the date of said note execute the same, and that appellant fully ratified all acts of their agents and experts done in said matter, having full knowledge of all said facts.

The answer is based upon a breach of the warranty that the machine, if properly managed, will do good work, and it contains no averments as to the particulars in which there is a breach of such warranty.

The allegations are " that said machine would not do good work, and would not cut and bind wheat in good order," and that " it would not and could not be made to do good work," and there is the further allegation that " it is absolutely worthless;" but these allegations have been held to be insufficient.

In *Booher* v. *Goldsborough*, 44 Ind. 490, it is said by this court : " It is not sufficient to allege generally that there was a warranty of the article sold, and that there had been a failure of the warranty. The answer should have shown the character and extent of the warranty, and the nature and particulars of its breach ; and the answer being in bar of the entire action, there should have been an allegation that the damages amounted to as much as the cause of the action."

In *Johnston Harvester Co.* v. *Bartley*, 81 Ind. 406, in speaking of the sufficiency of the complaint, the court says : " It alleges that the appellant sold to the appellee a Johnston harvester and a Johnston mower, and warranted them to be fit for cutting wheat and grass, and that they would do first-class work. The breach of the warranty is not sufficiently alleged. It is not shown that the machines were not capable of doing the work warranted. There is, it is true, a general allegation that they were not fit for and would not do first-class work, but this is not sufficient." The court further says : " There are, perhaps, cases where a general negation

of the warranty would be sufficient, but in cases of this character it should be specific."

In *McClamrock* v. *Flint*, 101 Ind. 278, it is said by the court: "It is not enough to plead in general terms that a mill, machine, or the like, does not work well. There must be some specification of the defects, some description of the character of the defect; for otherwise the adverse party could not be justly apprised of the character of the evidence which will be adduced against him." In *Neidefer* v. *Chastain*, 71 Ind. 363, it is held that a general allegation that the thing purchased is worthless, is not sufficient. *Flint* v. *Cook*, 102 Ind. 391. This paragraph of answer comes clearly within the rule as laid down in decisions from which we have quoted. The breach alleged is of a particular warranty, or as to a warranty of the machine to do a particular thing, viz., to do good work, and the averment as to the breach is that it would not do good work, and it is not sufficient. It is necessary to allege wherein it fails to comply with the warranty, or the particular defects by reason of which there is a failure to comply with the warranty.

The second and third paragraphs of answer are defective for the same reason we have stated as to the first.

The cross-complaint seeks a cancellation of the note in suit, and two others, given for the machine.

The first and second paragraphs of the cross-complaint are also defective. The first is based upon the warranty that the machine would do good work, and it alleges that it would not and could not be made to do good work. The second is based upon false representations of the agent of whom he purchased the machine, by which he represented that the machine was of a certain character and would do good work, and contains the general averment that the machine would not do good work and was worthless to the appellee.

The third paragraph of the cross-complaint alleges that the appellant holds three notes against the appellee, which were executed without any consideration, and that the ap-

pellant has brought suit herein on one of said notes and is holding the others, and is threatening to bring suit upon them as soon as they mature. This paragraph is sufficient.

For the error in overruling the demurrer to each paragraph of answer, and the first and second paragraphs of cross-complaint, the judgment must be reversed.

Judgment reversed, at costs of appellee, with instructions to sustain the demurrer to each paragraph of answer, and to the first and second paragraphs of cross-complaint.

Filed Nov. 20, 1890.