Shirk *et al. v.* Mitchell *et al.*

Filed Mar. 29, 1894.

No. 16,644.

SHIRK ET AL. *v.* MITCHELL ET AL.

WARRANTY.—*Breach of.*—*How Pleaded.*—A breach of warranty pleaded as a cause of action or defense, must, to be good upon demurrer, aver the character and extent of the warranty and the nature and particulars of the breach.

SAME.—*Same.*—*Plea, Sufficiency of.*—Where a plea of breach of warranty of a traction engine does not show positively the purpose for which the engine was purchased, nor whether the breach complained of was due to defects in the engine itself or was due to an attempt to use it for a purpose for which it was not made, such plea is insufficient, as not showing that the defects were within the terms of the warranty.

PRACTICE.—*Cross-Complaint.*—*Motion to Strike Out.*—In an action on promissory notes, it is not error to overrule a motion to strike out a cross-complaint alleging fraud and asking cancellation of the notes.

INSTRUCTIONS TO JURY.—*Irrelevant to Issues.*—It is error to give instructions which are irrelevant to the issues.

SAME.—*Irrelevant to Issues.*—*Evidence not in Record.*—The rule that where the evidence is not in the record, instructions given will not be held erroneous if they would have been proper under any evidence that might have been introduced, does not apply where the instructions are irrelevant to the issues.

BURDEN OF PROOF.—*Promissory Note.*—*Failure of Consideration.*—*Notice.*—*Assignee.*—Where the defense pleaded and proved, in an action on promissory notes, is a want or failure of consideration, or a

| | |
|---|---|
| 137 | 185 |
| 143 | 467 |
| 137 | 185 |
| 146 | 173 |
| 137 | 185 |
| 148 | 371 |
| 137 | 185 |
| 156 | 68 |
| 137 | 185 |
| 164 | 647 |

breach of warranty, or any such answer averring matters arising subsequent to the execution of the notes, the transaction out of which the notes arose being fair and lawful, the defendant has the *onus* of the issue to establish that the holder of the notes, governed by the law-merchant, took them with notice of defenses thereto.

RECOVERY.—*Facts Pleaded.*—A party must recover, if at all, upon the facts stated in his pleadings.

From the Clinton Circuit Court.·

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellants.

*J. G. Adams* and *J. A. Swoveland,* for appellees.

DAILEY, J.—The appellees,John F. Mitchell and John F. Trott, on November 27, 1886, purchased of appellant, James B. Michener, agent for the Springfield Engine and Thresher Company, a traction atlas second-hand engine on wheels, ten-horse power, under a written contract, and executed to him certain notes for part of the purchase-money, as follows:   One note, for $225, dated November 27, 1886, due October 15, 1887; one note bearing the same date, due October 15, 1888, calling for $245.30, and one note, of like date, due October 15, 1889, for $232.05, all of which were secured by the appellees Davis and Davis, and by a chattel mortgage on the property sold, as well as by mortgage upon certain real estate therein described.

These notes were indorsed by Michener to the appellant Milton Shirk, on January 10, 1887, and he brought this action, originally, upon the first note of the series, and, by a supplemental complaint, he afterwards sought to recover judgment upon the other notes, which matured after the beginning of the suit and before the trial.

In said proceeding, the plaintiff endeavored to reform a clerical error in the real estate mortgage, and to foreclose both of said mortgages.

The appellees Mitchell and Trott filed an answer in two paragraphs, the first of which was a general denial. The second paragraph of their answer pleads a breach of the written warranty contained in the contract of sale. The warranty is in these words: "The above machinery to be warranted, with proper usage and management, to do as good work as any of its size, made for the same purpose, and to be of good material, and durable with proper care."

The breach of the warranty alleged is as follows:

"That after the acceptance of said engine by these defendants from said James B. Michener, upon the conditions aforesaid, they thoroughly tried and tested said engine; that they procured the services of the best and most·experienced engineers they could obtain, and found that said engine was deficient, in this, that it .could not be made to furnish the power with which to draw the separator from one setting to another; that, in fact, it was deficient in every particular and phase of mechanism to the, extent that these defendants could not use the same for threshing purposes, the purpose for which they purchased the same."

The plaintiff demurred to the second paragraph of the answer, for want of sufficient facts to constitute a defense to the plaintiff's cause of action.

The demurrer was submitted to the court and overruled, to which the plaintiff, at the time, excepted, and thereupon he filed his reply in general denial thereto.

Pending the action, the appellees Mitchell and Trott filed a cross-complaint, and had a summons issued thereon against the appellant Michener.

The cross-complaint, so far as it affects the plaintiff, is not materially different from the second paragraph of the answer, the same general facts being stated, except it charges that said Shirk colluded and conspired

with said Michener to cheat and defraud the cross-com-
plainants out of their legal rights by taking and accept-
ing said notes and the assignments thereof, thereby hop-
ing to place the same in the hands of an innocent holder
and beyond the reach of these cross-complainants, as
the statutes provide in the case of bank notes, well know-
ing, at the time he so accepted said notes and the assign-
ments thereof, that the facts existed as therein alleged.

The plaintiff filed his motion and written reasons to
strike out the cross-complaint.   This motion was sub-
mitted to the court and overruled, to which the plaintiff,
at the time, excepted.   The ruling upon this motion was
saved by a proper bill of exceptions.   Thereupon the
plaintiff filed his demurrer to the cross-complaint for
want of sufficient facts to constitute a cause of action.
The demurrer was submitted to the court, and overruled,
and an exception taken.   Answers in general denial
completed the issues in the cause.

There was a trial by jury and a verdict for the defend-
ants.   The plaintiff filed his motion and written reasons
for a new trial, which were overruled, and exceptions
taken.   Thereupon the court rendered judgment upon
the verdict.

From the judgment so rendered, Milton Shirk and
James B. Michener desiring to appeal this cause to this
court upon questions of law only, and so notifying the
court, it is certified by the court as required by the R.
S. 1881, section 650, and rule 30 of the Supreme Court.

The sufficiency of the second paragraph of the separ-
ate answer of Mitchell and Trott, upon demurrer, is the
first question for consideration.

It is a well settled principle that a breach of warranty
pleaded as a cause of action or defense must, to be good
upon demurrer, aver the character and extent of the
warranty, and the nature and particulars of the breach.

*Booher* v. *Goldsborough*, 44 Ind. 490; *Robinson Machine Works* v. *Chandler*, 56 Ind. 575; *Johnston Harvester Co.* v. *Bartley*, 81 Ind. 406; *McClamrock* v. *Flint*, 101 Ind. 278; *Flint* v. *Cook*, 102 Ind. 391; *Conant* v. *National State Bank, etc.*, 121 Ind. 323; *Aultman, Miller & Co.* v. *Seichting*, 126 Ind. 137; *Lincoln* v. *Ragsdale*, 7 Ind. App. 354, 31 N. E. Rep. 581.

There may, sometimes, be an implied warranty that an article is fit for the purpose for which a purchaser buys it. Thus, it is said that if a manufacturer of an article sells it at a fair market price, knowing the purchaser desires to apply it to a particular purpose, he impliedly warrants it to be fit for that purpose. *Brenton* v. *Davis*, 8 Blackf. 317; *Page* v. *Ford*, 12 Ind. 46; *Robinson Machine Works* v. *Chandler, supra; McClamrock* v. *Flint, supra; Conant* v. *Nat'l State Bank, etc., supra.*

If this were an answer seeking to establish and enforce an implied warranty, the averments of the answer would be insufficient. There is no positive allegation in it that the engine was purchased for the purpose of threshing, or that the Springfield Engine and Thresher Company, or its agent, Michener, knew the purpose for which Mitchell and Trott were buying the engine.

The only reference, in the answer, as to the purpose of the purchase, is as follows: "That in fact it was deficient in every particular and phase of mechanism, to the extent that these defendants could not use the same for threshing purposes, the purpose for which they purchased the same."

In *Jackson School Township* v. *Farlow*, 75 Ind. 118 (122), it is said: "It was the rule at common law, and is the rule under the code, that matters can not be pleaded by way of recital. Facts must be positively alleged."

We think the purpose for which the engine was bought

should be positively averred in the answer, and not left to mere recital or inference, and in this respect the answer should be made more specific.   But we need not consider, in this case, the question of implied warranties or oral warranties.

The contract before us is a written one; it must speak for itself.  Where a written contract of warranty is made, oral warranties and implied warranties are all merged in the written contract, and by its terms the parties must be bound as in other cases of written agreements.   *McClure* v. *Jeffrey*, 8 Ind. 79; *Gatling* v. *Newell*, 9 Ind. 572; *Smith* v. *Dallas*, 35 Ind. 255; *Robinson Machine Works* v. *Chandler, supra; The Johnston Harvester Co.* v. *Bartley, supra; Brown* v. *Russell & Co.*, 105 Ind. 46; *Conant* v. *Nat'l State Bank, etc., supra; Seitz* v. *Brewers Refrigerating Machine Co.*, 141 U. S. 510, and cases cited.

There is no statement in the written warranty of the purpose for which the engine in controversy was made. It is described in the written order and warranty as a "traction Atlas second-hand engine on wheels, but that does not define with certainty the use to which it was to be put.

In Webster's Dictionary a "traction engine" is defined to be "a locomotive for drawing vehicles on highways or in the fields."

The engine was "to do as good work as any of its size made for the purpose," but it can not be assumed that it was purchased for threshing purposes, in the absence of an allegation to that effect.   The answer avers that "it could not be made to furnish power for ordinary threshing purposes, to run an ordinary thresher," but, as stated, we look in vain for an averment that it was bought for such purpose.

It is averred "that it would not furnish sufficient power with which to draw the separator from one setting

to another," but there is no averment in the answer, that
it was either made or sold for the purpose of drawing a
separator from one setting to another, or that any other
machine of the same size made for the same purpose
would draw a separator from one setting to another. As
heretofore suggested, it is averred "that in fact it was
deficient in every particular and phase of mechanism, to
the extent that these defendants could not use the same
for threshing purposes," but there is no averment that
it was manufactured or sold to be used for threshing pur-
poses, or that any engine of its size was manufactured
by any person or firm for threshing purposes, or that
any engine of any make, manufactured for the purpose
for which this was manufactured, could be made with
any degree of care or skill to do efficient work for thresh-
ing purposes. There should be a connection shown be-
tween the warranty contained in the written contract and
the defects in the engine, which are pointed out in the
answer. It does not appear from these averments of the
answer that these defects were within the terms of the
warranty.

The paragraphs of answer adjudged to be bad in *Ault-
man, Miller & Co.* v. *Seichting, supra,* were based upon
a written contract somewhat similar to that in the pres-
ent case, and the averments as to the defects in the ma-
chine were fuller and more specific, but the court held
such paragraphs insufficient on demurrer.

In that case it is said on page 141: "It is necessary
to allege wherein it fails to comply with the warranty,
or the particular defects by reason of which there is a
failure to comply with the warranty."

The answer in the present case does not allege wherein
this engine fails to comply with the warranty or the par-
ticular defects in it. Whether the failure to do the work
for which the appellees purchased the engine was due to

defects in the engine itself or was due to the attempt by the appellees to use it for a purpose for which it was not made, does not appear from the answer.

It does not appear from the allegations, whether the failure to furnish the power was due to some defect in the machine or not, unless it be inferred from the general averment that the machine was "deficient in every particular and phase of mechanism, to the extent that this defendant could not use the same for threshing purposes;" that some unstated defect existed in the material of which the machine was made, or in its manner of construction.

We think the answer is open to the objections stated, and that the demurrer to it, and to the cross-complaint, for like reasons, should have been sustained.

In our opinion, the court did not err in overruling appellants' motion to strike the cross-complaint from the files. The cross-complaint was filed before the supplemental complaint. It contained averments concerning the two notes not included in the original suit. It was proper to have the entire controversy adjudicated in this manner. We do not see how these notes could have been canceled by the judgment of the court, or the contract rescinded on account of the alleged fraud of the payee, unless by means of adversary proceedings brought for the purpose against all the interested parties.

The first question arising upon the motion for a new trial is as to the burden of proof. The notes in suit are made payable at a bank in this State, and they were assigned to the plaintiff by indorsement, in writing, before maturity.

The instructions have been brought into review before us. The court instructed the jury that "If the defendants have proven the breach of warranty, as alleged in the answer and cross-complaint, then the burden of proof

shifts to the plaintiff, and before he can recover he must prove, by a preponderance of the evidence, that he is a *bona fide* holder of the notes, by indorsement for value, before maturity, in the regular course of business.''

''If the other material allegations of the answer and cross-complaint have been established, then the plaintiff has the burden of the issue, and it devolves upon him to show that he is a *bona fide* holder of the notes.''

The answer in the present case does not aver that any improper means were used by appellant Michener to influence or induce the appellees to purchase the engine. There was no fraud in the execution of the notes, nor any unfairness in the transaction, so far as we are informed by the answer or cross-complaint. The notes were given for an article of commerce which was sold under a written contract of warranty, and the defense sought to be made is that there was a breach of the warranty, and that appellant Shirk had notice of the breach at the time he bought the notes. Under this state of the issues, it is clear the court erred in giving the instructions quoted.

.The principles governing cases in which the defense pleaded is fraud or illegality in the inception of a promissory note have no application to cases where the note has its origin in a lawful transaction, but there is a want of consideration or a failure of consideration maintained as a defense.

In *Rose* v. *Hurley*, 39 Ind. 77, at page 81, the court said: ''The same transaction can not be characterized as a warranty and a fraud at the same time. A warranty rests upon contract, while fraud or fraudulent representations have no element of contract in them, but are essentially a tort.''

In *Pursley* v. *Wikle*, 118 Ind. 139, at pages 143, 144,

the court said:  ''Fraud consists in an undue advantage taken of a party under circumstances which mislead, confuse or disturb the just results of his judgment, and thus expose him to be the victim of the artful, the im-- portunate and the cunning.  1 Story Eq. Jur., section 251; *Turley* v. *Taylor*, 6 Baxter (Tenn.), 376.  It is a tort, and is so treated by all the authorities.  Ordinarily, the essence of a tort consists in the violation of some duty to an individual, which duty is a thing different from the mere contract obligation.  *Rich* v. *New York, etc., R. R. Co.*, 87 N. Y. 382.''

It has been the settled law of this State ever since the decision in *Harbison* v. *Bank, etc.*, 28 Ind. 133, and it is the law of other courts as well, that in a suit by an indorsee upon a bill of exchange or promissory note alleged and shown to have been obtained by fraud, it is incumbent upon him to prove that he is a *bona fide* holder of the bill or note for value.  *Giberson* v. *Jolley*, 120 Ind. 301, and cases cited; *First Nat'l Bank, etc.*, v. *Ruhl*, 122 Ind. 279; *Schmueckle* v. *Waters*, 125 Ind. 265 (268); *Citizens Bank* v. *Leonhart*, 126 Ind. 206 (210); *Stewart* v. *Lansing*, 104 U. S. 505; *Vosburgh* v. *Diefendorf*, 119 N. Y. 357, 16 Am. St. Rep. 836; *Henry* v. *Sneed*, 99 Mo. 407, 17 Am. St. Rep. 580; authorities cited 11 Am. St. Rep. 324, 325.

Where the defense pleaded and proved is a want, or failure of consideration, or a breach of warranty, or any such answer averring matters arising subsequent to the execution of the notes, the transaction out of which the notes arose being fair and lawful, the defendant has the onus of the issue to establish that the holder of a note, governed by the law-merchant, took it with notice of a defense thereto.  *First Nat'l Bank, etc.*, v. *Ruhl, supra; Galvin* v. *Meridian Nat'l Bank*, 129 Ind. 439; *Pana* v. *Bowler*, 107 U. S. 529 (541); *Bank* v. *Bridgers*, 98 N.

C. 67, 2 Am. St. Rep. 317; *Mitchell* v. *Deeds*, 49 Ill. 416, 95 Am. Dec. 621; *Collins* v. *Gilbert*, 94 U. S. 753; *Hotchkiss* v. *Nat'l Banks*, 21 Wall. 354; *Murray* v. *Lardner*, 2 Wall. 110; authorities cited 11 Am. St. Rep. 324.

In the seventeenth instruction given by the court of its own motion, the jury were told that in a case where it is shown by the defendants that the instruments originated in fraud, the burden of proof will be shifted to the holder, and he must then show that he is a *bona fide* holder for value.

The same statement, in substance, is repeated in the fifth instruction given at the request of the defendants.

Then the court proceeds to apply this recital of the law to the facts of the case at bar, as follows: "In this case, if you find from all the evidence adduced before you, that James B. Michener obtained the notes in suit by fraud, and misstatements made by him for the purpose and intention of inducing the defendants to sign or make said notes, and if you find that prior to the maturity of said note the plaintiff, Milton Shirk, bought the notes for value; and that James B. Michener indorsed his name on the back thereof, and delivered the same to the plaintiff, he can not recover in this action against the maker of the notes unless he has also proven to your satisfaction that he had no knowledge of the fraud of Michener and the burden of proving that he had no such knowledge rests upon him. It is not enough to say that he bought them in good faith for value, but he must prove, in order to recover, that he had no knowledge of the fraud."

The court gave the jury the sixth instruction asked by the defendants, as follows: "Where one is induced to sign a promissory note by a cunningly devised scheme, preconcerted for the purpose of deceiving him, and made

effective by false statements, a conclusion of fraud is warranted; therefore, in this case, if you believe from all the evidence adduced, that the notes in suit were given by the defendants to the payee, J. B. Michener, in payment of a second-hand threshing machine, sold by said Michener to the defendants, and if you believe that said engine was an old and wornout machine, and if you believe that, for the purpose of inducing the defendants to purchase the said machine and give the notes in suit in payment therefor, he painted, or caused to be painted and repaired, the said machine, so as to give it the appearance of a new engine, or to make it look like an engine as good as new, and if you believe that he represented to the defendants and stated that said engine was as good as any ten-horse power engine, and if you further believe that said defendants were deceived thereby, and by reason thereof were induced to, and did, sign and make the notes in suit, you would be warranted to find that said Michener obtained the notes from said defendants by fraud.''

It is quite apparent that the last two instructions are not applicable to any evidence which was admissible under the issues in this case.

It is established by a long line of decisions, that a party must recover, if at all, upon the facts stated in his pleadings. It would be a dangerous practice, subversive of legal principles, to permit a party to plead that a note was executed for the purchase-money of an engine, and make no complaint as to the fairness of the transaction of purchase, and then defeat the action by proof that he had been induced to enter into such contract through the fraud of the seller. An answer of fraud is essentially and radically different from an answer of breach of warranty, and there is nothing in the answer or cross-complaint in controversy which would give the appellants

Shirk *et al.* *v.* Mitchell *et al.*

an intimation, before the trial, that the fairness of the transaction, in which Michener sold the engine to the appellees and they executed their notes, would be questioned. The case should have been tried upon the issues made by the pleadings.

"It has often been decided that every pleading must proceed upon some single, definite theory, and that a party must stand or fall upon the theory of his case as he presents it in his pleadings." *Armacost, Admr.,* v. *Lindley, Admr.,* 116 Ind. 295 (297), and cases cited.

It is suggested by counsel for the appellee, that "the evidence not being in the record, it is difficult to say that the instructions of the court to the jury are erroneous, for if the instructions given would be proper under evidence that might have been introduced, the Supreme Court, in the absence of the evidence, will presume that such evidence was given upon the trial."

This is a correct statement of an abstract proposition, but, as we have already shown, it can have no application to a case where the instructions given are not relevant to the issues tendered in the cause.

In *Shugart* v. *Miles,* 125 Ind. 445 (452), the court holds that it is not necessary, in all cases where questions are sought to be presented on instructions, to embody all the evidence in the bill of exceptions.

In Elliott's App. Proced., section 193, in speaking of this section, it is said: "The object of the statute is clear, for it can not be doubted that it was intended to enable parties to present questions upon instructions without cumbering the record with a mass of evidence. The statute is remedial and hence should be liberally construed. By its rules and by its decisions the Supreme Court has endeavored to give the statute a practical and liberal construction. * * * An appeal upon instructions is, in many respects, similar to an appeal

in cases where questions of law are reserved under the statute.''

We think the record for an appeal upon instructions is properly prepared in the cause and fairly presents the question here considered.

The judgment is reversed, at costs of appellees, with instructions to sustain the demurrers to the second paragraph of answer of John F. Mitchell and John F. Trott, and to the cross-complaint of said defendants, and for further proceedings not inconsistent with this opinion.

