## WARMAN-BLACK-CHAMBERLAIN COMPANY *v.* INDIANAPOLIS MORTAR & FUEL COMPANY.

[No. 5,405. Filed October 11, 1905.]

1. PLEADING.—*Answer.*—*Sales.*—*Warranty.*—*Breach.*—*How Alleged.*—Where the warranty of an article sold is general, a breach of such warranty may be shown by a general negation thereof. *Smith* v. *Borders*, 160 Ind. 233, followed. p. 260.

2. NEW TRIAL.—*Sales.*—*Warranty.*—*Breach.*—Whether a horse received injuries before or after a sale and warranty of soundness is a question of fact, and the verdict rendered upon conflicting evidence and the decision of the trial court overruling a motion for a new trial are final. p. 261.

3. NEW TRIAL.—*Newly-Discovered Evidence.*—*Mistake by Witness.*—Where a witness for appellee, testifying by reference to a memorandum, made an error of dates, but upon cross-examination stated such dates correctly, a new trial will not be granted because such memorandum was afterwards found to be incorrect. p. 261.

From Superior Court of Marion County (65,310); *James M. Leathers,* Judge.

Action by the Indianapolis Mortar & Fuel Company against the Warman-Black-Chamberlain Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Smith & Korbly,* for appellant.

*Groninger & Groninger* and *M. A. Ryan,* for appellee.

ROBY, J.—Action by appellee against appellant. The complaint is based upon an alleged warranty by the appellant, to the effect that a team of horses sold by it to appellee were healthy and sound in every respect, free from disease, and suitable for the purpose for which appellee purchased them. The breach alleged is that such horses were not healthy and sound, but were diseased, because of which one of them died within a few days after the purchase, and the other became and remained lame; that they were of no value, and were tendered to appellee who refused to receive them.

It is insisted that the complaint is insufficient, in that the breach of warranty pleaded, in order to be good as against a demurrer, must show the character and extent of the warranty and nature and particulars of the breach. The contention derives some plausibility from the following cases: *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 188; *Aultman, Miller & Co.* v. *Seichting* (1890), 126 Ind. 137; *McClamrock* v. *Flint* (1885), 101 Ind. 278; *Johnston Harvester Co.* v. *Bartley* (1882), 81 Ind. 406; *Booher* v. *Goldsborough* (1873), 44 Ind. 490; *Conant* v. *National State Bank* (1889), 121 Ind. 323; *Robinson Machine Works* v. *Chandler* (1877), 56 Ind.

575; *Neidefer* v. *Chastain* (1880), 71 Ind. 363, 36 Am. Rep. 198; *Flint* v. *Cook* (1885), 102 Ind. 391. But it has recently been declared by the Supreme Court, the line of authority above cited having been pressed in argument, that "Where the warranty is general in its character or nature, the breach or failure may be shown by a general negation of such warranty." *Smith* v. *Borden* (1903), 160 Ind. 223. The warranty relied upon in the case at bar was general, and the breach stated is coextensive therewith, the complaint containing a "general negation of such warranty." Under the rule above stated the complaint is sufficient.

The third assignment of error is that the court erred in overruling appellant's motion for a new trial: (1) Because the decision is not sustained by sufficient evidence; (2) because it is contrary to law; (3) on account of newly-discovered evidence.

In support of the first and second grounds stated, it is insisted that there is a total failure of proof to show that the lameness of the one horse was caused by the injury suffered before the sale, to which it is attributed. The lameness might no doubt have been caused by a sprain or other subsequent injury, but it might also be due to a weakness arising from the injury by a barbed wire against which the warranty ran, and upon that question the inference and finding of the trial court is final.

The newly-discovered evidence relates to the testimony of a veterinary surgeon, who upon direct examination testified, by reference to a memorandum, as to certain dates. The memorandum is shown by the affidavit filed in support of the motion to have been incorrect. Upon cross-examination of the witness by the appellant's learned counsel, he stated the date correctly, which is all he could do were the case retried. The issue between these parties was one of fact, and the conclusion reached by the trial court can not be disturbed. Judgment affirmed.