Kinney et al. *v.* Turner.

*Judgment reversed.*

BENJAMIN KINNEY et al., Appellants, *v.* AVERY TURNER,
Appellee.

#### APPEAL FROM ADAMS.

The pleader may set forth any number of facts and circumstances, which, taken
together, constitute but one cause of action or defence in one count, plea, or
replication.

In pleading a total failure of consideration, the pleader should set forth every
distinct element entering into the transaction, and then as distinctly aver a
failure of each and all the parts of it.

Where A. agreed in consideration of a note, to convey to B. by deed of
warranty, the free, full, and exclusive right and privilege of using and run-
ning, in a certain township, Page's portable saw-mill, in a suit upon the note,
failure of consideration having been pleaded, it was held not to be erroneous to
instruct the jury, " that an acceptance of a quitclaim deed, instead of a deed
of warranty, would be binding, if the jury believe from the evidence, that
the party proceeded under the quitclaim deed, to use and enjoy the right con-
veyed by it."

THIS cause was heard before O. C. SKINNER, Judge, at March
term, 1852, of the Adams Circuit Court.

The fourth plea is a plea of total failure of consideration.
It sets forth, that at the giving of the note the plaintiff repre-
sented that he had the exclusive right to Page's portable saw-

mill, and agreed to convey the same, (that is, said exclusive right,) to defendants, by deed of warranty, in consideration of which, defendant executed the note. The plea then avers that said plaintiff did not convey said exclusive right, and that he did not possess it. The plea is demurred to, on the ground of duplicity. The plaintiff's counsel say that the plea should have been confined to the averment, either that the plaintiff did not convey by warranty deed, or that he had no title to the patent right.

WILLIAMS and LAWRENCE, for appellants.

BROWNING and BUSHNELL, for appellee.

SCATES, J. The objection taken to the fourth plea in this case, on special demurrer, was for duplicity. The plea alleged the consideration of the note sued on, to be the agreement of the defendant to convey by warranty deed to them, and two others impleaded with them, the free, full, and exclusive right and privilege, of using and running, in a certain township, Page's portable saw-mill, which he represented to them that he owned; and that the consideration wholly failed in this, that he had no title or right to the exclusive use of said saw-mill in said township, and did not convey the same to them by warranty deed.

We are of opinion the court erred in sustaining the demurrer to this plea, for duplicity.

The pleader may set forth any number of facts and circumstances, which, taken together, constitute but one cause of action or defence, in one count, plea, or replication. Stephen on Pl. 263. And by parity, so he may, even must, in averring the consideration, truly set forth every fact, circumstance, or inducement, which entered into and formed a part of it, otherwise, instead of showing the whole, he would only show a part; and being confined in his proofs by his allegations, he must fail. So in pleading a total failure of consideration, he must set forth every distinct element entering into it — and then as distinctly aver a failure of each and all the parts of it — else the plea would be bad, as a plea of total failure. A good illustration is found in the case of Sullivan *v.* Dollins, 13 Ill. R. 85, where the consideration consisted of several distinct matters. The difficulty in this case, we presume, arises from the character and nature of the defence of a total failure of consideration — where every thing which formed part, must be shown, to exhibit the consideration as a unit — and where it consisted of parts, or many things

each and all must be shown to have failed, — it is not so in pleading a partial failure.

The court are of opinion that the second instruction given for defendant, and the modification of the plaintiff's instruction, were properly given: " That an acceptance of the quitclaim deed by one of the defendants, would be binding upon them all, if the jury believe, from the evidence, that they proceeded under said deed, to use and enjoy the right conveyed by it." The principle laid down in the modification, as well as in all the other instructions, is substantially the same as this, and need not be set out. The objections urged, are upon the ground that parties, not partners, are not bound by the several separate acts of each. But without inquiring into, or discussing this proposition, it is fully answered in this case by the latter part of the instruction, which offers as evidence of the consent and acquiescence of each, their proceeding " under said deed, to use and enjoy the right conveyed by it." A party who acts under a contract in this sense is bound by it, nor can a party who acts under a contract in this sense, allege non-performance of it. 14 John. Rep. 401; 1 Fairfield, R. 415.

It is competent for the parties to modify or rescind the contract in whole or in part, and this may be shown by the conduct of the parties under it. 4 Gilm. R. 333. But one party alone cannot alter the contract; he must perform it, or avoid it *in toto* by delivering up the benefit and advantages he derived, or claimed under it. 6 Cowen's R. 449.

As the judgment must be reversed and the cause remanded for the error in sustaining the demurrer to the fourth plea, we deem it unnecessary to notice the questions raised upon the motion for a new trial upon the evidence and affidavits.

Judgment reversed, and cause remanded for further proceedings conformable to this opinion.

*Judgment reversed.*