## Oramel S. Hough

*v.*

## Asahel Gage.

1. Failure of consideration — *plea of — its requisites.* A plea of total failure of consideration must show all the elements entering into the consideration, and a failure of each and every part of it distinctly averred with as much precision as the allegations of a declaration.

2. A plea that the consideration of a note was the sale of an interest in a certain patent right, which has wholly failed, the patent being void, because the result therein claimed to be accomplished could not be accomplished, is bad on demurrer as failing to show what the result claimed to be accomplished was, and wherein it had failed.

Appeal from the Superior Court of Cook county.

Messrs. Gookins & Roberts, for the appellant.

Messrs. Goodwin, Offield & Towle, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Superior Court of Cook county to reverse a judgment obtained therein by Asahel Gage against Oramel S. Hough, in an action of assumpsit on a promissory note alleged to have been executed by defendant to one Isaac N. Gregory or order, 'and indorsed before maturity to the plaintiff "without recourse."

The defense was embraced in three special pleas, on the two first of which issues were joined. The third plea averred that the consideration for the note was an interest in a patent for the making of "Warfield's soap," sold by payee to defendant, and that the consideration had wholly failed; that the letters patent were void, because the result therein claimed to be accomplished could not be accomplished, of which plaintiff had notice prior to the assignment.

There was a demurrer to this plea, which the court sustained, and it is on this the controversy arises.

The objection to this plea is obvious. It fails to show what the result claimed to be accomplished was, which the patented article would accomplish. It therefore fails to show how the consideration failed. These allegations must be set out with as much precision as allegations in a declaration are required to be set out. *Poole* v. *Vanlandingham*, Breese, 47; *Bradshaw* v. *Newman*, id. 133. The doctrine of these cases has been repeatedly reaffirmed by this court. *Evans* v. *School Commissioners of Greene Co.* 1 Gilm. 654, and subsequent cases; *Kinney* v. *Turner*, 15 Ill. 182. All the elements entering into the consideration must be set forth, and a failure of each and every part of it distinctly averred. So here, it should have been shown by the plea what was the result claimed, and wherein it failed to accomplish the result.

The demurrer was not taken, and the judgment must be affirmed.

*Judgment affirmed.*