THE AERMOTOR COMPANY *v.* EARL.

[No. 2,267.   Filed September 22, 1897.]

PLEADING.—*Warranty.—Breach Of.*—A plea of breach of warranty, as a defense to an action for the purchase-price of machinery, to be sufficient as against a demurrer must allege specifically the defects in such machinery; a general allegation that the machinery was without value is insufficient.

From the LaPorte Superior Court.   *Reversed.*

*C. R. Collins* and *J. B. Collins,* for appellant.

*James F. Gallaher,* for appellee.

COMSTOCK, J.—The complaint is in two paragraphs. The first is upon the common count for goods, wares, and merchandise sold by plaintiff (appellant) to the defendant (appellee). The second is for goods, wares, and merchandise sold by appellant to appellee under a written agreement, made a part of the complaint as an exhibit. To the complaint appellee filed an answer in two paragraphs. The first is a general denial. The second, appellee styles an answer and counterclaim. Appellant, in its demurrer, refers to this pleading as a cross-complaint and an answer, and demurs thereto upon the ground that it does not state facts sufficient to constitute a cause of action, and that the same does not state facts sufficient to constitute a defense.

There is some conflict between counsel for appellant and appellee as to whether the pleading is a cross-complaint or a counterclaim. A demurrer was overruled, the case put at issue, and trial resulted in a verdict for appellee, and a judgment in his favor for costs.

The errors assigned are the overruling of the demurrer to the pleading styled by the appellant a cross-complaint and by appellee a counterclaim, and in overruling appellant's motion for a new trial.

The name to be given to this pleading is not material. There is no question in the record as to its identity. In substance, it avers that at the time of the purchase of the aermotor, alleged in the complaint, appellee was desirous of erecting said motor in a certain place in his barn, and for the special purpose of operating a certain feed cutter therein; that the appellant knew these facts, and after inspecting the premises and the said feed cutter, had declared that said motor could be successfully erected at the place designated, and that the same could be successfully employed in the operation of said feed cutter; that the said motor was erected in the designated place in the said barn; that the said motor failed utterly to operate said feed cutter; that the agent of appellant was unable to make it perform the expected work, and was informed by defendant that it was not accepted, and that after giving said aermotor a thorough, complete, and fair trial, the defendant informed the plaintiff that the said aermotor was of no value to him, was not accepted, and that he held it subject to the order of the plaintiff; that the said aermotor was supposed to be a sort of windmill, and its construction was of such a negligent character that three months after its erection that part erected above the roof of said barn, commonly called the tower and wheel, was blown over and down in an ordinary gale of wind; that the said

aermotor was of no value whatever, and was of no value at the time of the erection at the said barn of defendant, and that by reason of the facts the defendant was damaged in the sum of $150.00.

The theory of the pleading to which the demurrer is addressed is that when a dealer contracts to furnish an article for a particular purpose, he impliedly warrants that such article shall be adapted to the use for which it is furnished. In general terms, the pleading is based on a correct theory. This pleading is insufficient either as offering a defense to appellant's claim, or as asking affirmative relief. It points out no defect in the motor, either in its material, manner of construction, or its erection. It does not allege that its failure to operate the feed cutter was due to any defect in the motor. It does not show lack of capacity to transmit power necessary for that purpose.

The allegation that after giving the said aermotor a thorough, complete, and fair trial, the defendant informed the plaintiff that said aermotor was of no value, does not pretend to give the results of the fair trial, nor the facts showing the test; and the allegation that the agent was informed that it was not accepted is only relevant as to the time appellee notified appellant that the machine was not satisfactory. The averment that the agent was unable to make the machine perform the expected work, is a statement of inability on the part of the agent, not of a defect in the machine, and is open to the further objection that the expression "expected work" is the expression of an opinion, and is not the statement of a traversable fact. The pleading should state the manner in which the motor failed. *Flint* v. *Cook*, 102 Ind. 391.

The bare general allegation that the machine was without value, the pleading being bad without it, does not make it good. *Neidefer* v. *Chastain*, 71 Ind. 363, 36 Am. Rep. 198.

The court erred in overruling the demurrer to said pleading.

The following further decisions are cited in point: *Aultman, Miller & Co.* v. *Seichting,* 126 Ind. 137; *Walter A. Wood Mowing and Reaping Machine Co.* v. *Irons,* 10 Ind. App. 454; *McClamrock* v. *Flint,* 101 Ind. 278; *Johnston Harvester Co.* v. *Bartley,* 81 Ind. 406; *Shirk* v. *Mitchell,* 137 Ind. 185.

As the other errors claimed are not likely to arise upon a second trial, we do not deem it necessary to pass upon them.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of counterclaim, and for other proceedings not inconsistent herewith.