Submitted on briefs April 25, affirmed June 13, rehearing denied
July 18, 1922.

## ADLER *v.* ROSEN.

(207 Pac. 467.)

**Sales—Implied Warranty That Goods Furnished shall be Equal in Quality to Sample Shown.**

1. There is an implied warranty that goods sold by sample shall be equal in quality and value to the sample exhibited, and furnishing goods of an inferior quality is a breach of such warranty justifying buyer in refusing to accept the goods.

**Sales—Answer Alleging Generally That Goods Furnished were Inferior to Sample Held Insufficient.**

2. In an action for refusing to accept goods, an answer, alleging generally that the goods did not come up to the samples exhibited, is insufficient to raise any issue, as facts must be alleged showing what the difference is, so that the court may see whether there· was any substantial difference, and that the party charged with having

_____

1. Express or implied warranty on sale by sample, see notes in **Ann. Cas.** 1917C, 311, 338, 341, 343, 346.

warranted the quality of the article may be informed from the pleading as to the extent of the warranty and the particulars of the breach.

**Trial—Finding as to Effect of Retention of Goods Held Conclusion of Law and not Within Issues.**

3. In an action for refusing to accept goods, a finding that by receiving and retaining the goods the defendant had waived the right to refuse payment for breach of warranty *held* not within the issues, and a mere conclusion of law neither adding to nor detracting from the force of other findings.

From Multnomah: GEORGE TAZWELL, Judge.

In Banc.

This is an appeal from a judgment of the Circuit Court in favor of plaintiff upon a complaint *quantum valebat* for goods sold to defendant. The complaint was in the usual form in such cause of action.

The defendant answered, denying generally all of the allegations of the complaint except that he admitted that about September 4, 1920, he ordered a "certain lot" of shoes from plaintiff and later received certain shoes, which have not been paid for. He alleged that upon the date above mentioned, plaintiff solicited an order for shoes of a certain kind, size and last, and in accordance with samples then furnished; and that as a result of said solicitation and samples defendant gave to plaintiff an order for shoes of such kind, which plaintiff undertook to fill. The answer avers, however, that the shoes sent by plaintiff and received by defendant under that order did not conform to the representations and samples of plaintiff, and for such reason the defendant refused to accept the same, and so notified the plaintiff.

For a second further and separate cause of defense, the defendant sets up the same facts as in the preceding answer, and in addition a counterclaim for

$7, the amount of freight and transfer charges paid by him upon the shoes in question.

The plaintiff replied, denying the new matter in the answer.

By agreement the cause was tried before the court without a jury, and the court made the following findings of fact:

"I.

"That on or about September 4th, 1920, the plaintiff, at the special instance and request of defendant, sold and delivered to defendant goods, wares and merchandise of the reasonable value of one hundred seventy-five ($175) dollars.

"II.

"That upon the receipt of the aforesaid merchandise, the defendant accepted and retained the same.

"III.

"That defendant has failed and refused to pay the whole or any part of the purchase price of the aforesaid merchandise and the whole thereof is now due and owing.

"IV.

"That the plaintiff has demanded payment of the purchase price of the aforesaid merchandise and that defendant has failed and refused to pay the same. That by receiving, retaining and accepting the merchandise, the defendant has waived the right to refuse payment of the purchase price on account of any alleged breach of warranty.

"V.

"That the defendant has failed to establish any of the allegations set forth in the first, further and separate answer and defense to plaintiff's complaint.

"VI.

"That the defendant has failed to establish any of the allegations set forth in the second, further and separate answer and defense and counterclaim to plaintiff's complaint."

Thereafter the court made conclusions of law in accordance with the findings, and entered judgment for plaintiff for the amount claimed, with interest and costs, from which the defendant appeals.

AFFIRMED.  REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Hodges & Gay.*

For respondent there was a brief over the names of *Messrs. Beach & Simon* and *Mr. S. J. Bischoff.*

McBRIDE, J.—A perusal of the record of this petty case shows that the real difference between the parties was never more than $35 on a bill of $193.70. The defendant was willing to accept and retain the goods (thirty-five pairs of shoes) at a deduction of one dollar per pair, and the plaintiff was willing to deduct $18, which deduction defendant refused to accept; and because of this difference the case has been dragged through two trials and comes here for the third. That the law permits this sort of litigation, may explain why this court in a state of considerably less than a million inhabitants has to pass upon as many appeals as the court of appeals of the state of New York, which state has over ten million inhabitants. We do not suggest a remedy for such an evil, but feel that the public interest and the delay caused in the consideration of really important matters by these small cases justify us in at least referring to it.

The affirmative defenses are really the pleader's own conclusions of law from facts not stated.

1, 2. There is an implied warranty that goods sold by sample shall be equal in quality and value to the

sample exhibited, and possess the same characteristics. To furnish goods of an inferior quality is a breach of such warranty and a fraud upon the buyer, justifying him in refusing to accept them. But it is not enough for the buyer to urge generally as a defense that the goods do not correspond to samples exhibited to him. He must state facts showing wherein they differ, so that the court can see whether there is or can be any substantial difference.

There is no material difference, so far as pleading is concerned, between a complaint in an action for breach of warranty and an answer alleging a breach of warranty as a defense to an action for nonpayment of the purchase price. In either case the party charged with having warranted the quality of the article is entitled to be informed *from the pleading* the extent of the warranty and the particulars of the breach. It is not enough to allege generally that a seller warranted an article and that he breached the warranty, which is the legal effect of the pleading here, in substance that the plaintiff sold by a sample and representations as to quality and that the goods sent did not come up to the sample and representations: *Aermotor Co.* v. *Earl,* 18 Ind. App. 181 (47 N. E. 685); *Hough* v. *Gage,* 74 Ill. 257; *Spinks* v. *Washington,* 96 Ga. 756 (22 S. E. 326); *Plano Mfg. Co.* v. *Richards,* 86 Minn. 94 (90 N. W. 120).

3. The special defenses urged are not sufficiently pleaded to raise any issue. The findings are sufficient to cover all the issues actually raised, and there is some evidence to sustain each finding. That part of finding IV which states that by receiving and retaining the goods the defendant has waived the right to refuse payment on account of any alleged breach of warranty is outside the legal issues and is a mere

conclusion of law, neither adding to nor detracting from the force of the other findings.

The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.